EVERETT v. THE CENTRAL IOWA R'Y Co.

1. **Assignment:** OF CLAIM AGAINST RAILROAD COMPANY FOR KILLING STOCK: DOUBLE DAMAGES. A claim against a railroad company for killing stock on its track is assignable, and, if not paid within 30 days after notice by the assignee, as required by statute, (Code, § 1289,) he may recover double damages, just as his assignor might have done. [REED, J., *dissenting*.]

2. **Appeal:** PRACTICE: QUESTION AS TO MISCONDUCT OF COUNSEL. When this court is asked to reverse a judgment on account of the misconduct of counsel, the record should show the misconduct without question; otherwise it will be presumed that the trial court correctly held that there was no misconduct, as alleged.

*Appeal from Mahaska District Court*—HON. J. K. JOHN-SON, Judge.

WEDNESDAY, DECEMBER 14.

THIS is an action to recover double the value of certain live-stock, which were killed and injured by a train running on the defendant's railroad. There was a verdict and judgment for the plaintiff. Defendant appeals.

*Anthony C. Daly*, for appellant.

*J. F. & W. R. Lacey*, for appellee.

ROTHROCK, J.—I. The claim made by the plaintiff is that

two horses were killed, and a calf was injured. One of the horses was owned by one Hunt, and the other by one Shock. The calf was owned by the plaintiff. All of the damage occurred at the same time and place. A short time after the injury, Hunt and Shock assigned their claims for damages to the plaintiff. Afterwards the plaintiff served the notice and affidavit upon the defendant which are required by the statute to authorize a recovery of double the actual damages sustained by the owner of the stock killed or injured. The defendant objected to the introduction of the notice and affidavit in evidence. One ground of the objection was that a claim of this kind, if assignable at all, is only assignable so far as actual damages are involved, and that no assignment for the penalty or double damages is valid. The same question was raised in a request for instructions to the jury. The court refused to give the instructions as requested, and held that the claim was assignable. This is the first ground upon which a reversal of the judgment is asked.

1. ASSIGNMENT: of claim against railroad company for killing stock: double damages.

The general rule in this state, under our statutes, is that any cause of action may be assigned. An action for a personal injury may be assigned. (*Vimont v. Chicago & N. W. R'y. Co.*, 69 Iowa, 296.) There can be no doubt that the claim for damages in this case was assignable. The objection of the defendant to the assignment cannot be sustained. But it is insisted that the assignee could not acquire more by the assignment than the actual claim assigned, which, at the time of the assignment, was the right to recover actual damages, and no more. The ground of the argument is that an action for a statute penalty cannot be assigned. We think a complete answer to this is that no penalty was assigned. If the assignee had commenced his action in this case without serving the notice and affidavit, there would have been no right to recover double damages. The right accrued by the service of the notice. It is a right which arises, not from the fact of an injury resulting in damages to the owner

of the stock killed or injured, but by reason of the failure of the defendant to pay the claim within 30 days after service of the notice and affidavit. It is a right that accrues during the process of collection, and to insure prompt payment without putting the claimant to the expense of litigation. Counsel for defendant contend that by the very language of the statute there can be no recovery of the double damages by any one but the owner of the stock. The language is that "such *owner* shall be entitled to recover double the value of the stock killed, or damages thereto." (Code, § 1289.) But the word "owner" is not used in the statute in a restrictive sense. In the absence of a statute forbidding it, all demands are assignable, and it would be useless verbiage if the statute should, when it defines a right of action, always confer the right of action on the party in interest *or his assignee*. We think it is quite clear that the assignment carried with it all the rights of the assignor, as well as those which had already accrued, and those which might arise in the collection of the claim.

II. It is claimed that the judgment should be reversed for misconduct of one of plaintiff's attorneys in the closing

1. APPEAL: practice: question as to misconduct of counsel.

argument to the jury. It appears, by an affidavit by one of defendant's attorneys, that the misconduct complained of consisted of certain alleged statements, made in the closing argument, which were unwarranted by the evidence and facts in the case. The attorney who made the argument made a counter-affidavit, in which it is claimed that all that was said by him was in reply to an argument made by one of defendant's attorneys. This is denied by affidavit of one of defendant's attorneys. The matter was submitted to the court on these affidavits. We cannot be expected to reverse the ruling of the district court on this question. The judge no doubt determined the question upon his own knowledge of what transpired at the trial, as well as upon a consideration of the conflicting affidavits. When we are asked to reverse a judg-

ment.on the ground of misconduct of an attorney, the record should show the misconduct without question. We cannot say, in this case, that the court did not correctly decide that there was no misconduct. Moreover, see *Rayburn v. Central Iowa R'y Co.*, 35 N. W. Rep., 606.*

AFFIRMED.

REED, J., (*dissenting.*) My disagreement is as to the first point ruled in the foregoing opinion. I do not deny that a claim for damages for an injury such as is complained of is assignable. Neither do I make any question as to the power of the owner thereof to assign a claim for double damages after the right thereto has accrued. My dissent is as to what passed to plaintiff under the assignment. When the assignment was executed, the only right in existence was the right to be compensated for the injury sustained. Defendant was then liable only for the value of the property destroyed. It is true, events might occur in the future upon which it would become liable for double that amount; but no such right or liability existed at that time, and, unless it should occur in the future that defendant should neglect for 30 days after notice of the injury to pay the damages, never would exist. The assignment passed to the plaintiff the demands which the owners of the property then held; which, as I have said, were demands simply for the value of the property destroyed. It seems to me impossible that the assignment of an existing definite claim should operate to vest the assignee with rights which have no existence at the time of the assignment, and which are not necessarily or certainly incident to the thing assigned. In my judgment, therefore, the judgment ought to be modified by reducing the amount of the recovery to the actual damages.

*This opinion is held on petition for rehearing, and hence is not yet officially reported.—REPORTER.