KENEDY v. BENSON et al.

(Circuit Court, C. D. Iowa, N. D. March 30, 1893.)

DECEIT—RIGHT TO DAMAGES—ASSIGNMENT.

A receiver of a ranch company sold property thereof to' defendants, and took in payment certain shares of stock. In his report to the court, he charged himself with the stock as cash, the report was approved, and he fully settled with the company on that basis, and kept the stock. Afterwards he individually brought suit against defendants to recover damages for fraudulent representations made at the time of the sale as to the value of the stock. Held, that the cause of action was in the ranch company, and did not pass to plaintiff when he acquired the stock, and he could not maintain the action without showing an assignment to himself.

At Law. Action by James Kenedy against R. S. Benson and G. C. Hayes to recover damages for false representations as to certain shares of stock. On demurrer to the petition. Sustained.

J. F. Duncombe, for plaintiff.
E. P. Andrews, for defendants.

SHIRAS, District Judge. From the allegations in the substituted petition filed in this case it appears that on the 10th day of June, 1889, the plaintiff herein, James Kenedy, was appointed a receiver of the "T. X. Ranch" in the state of Texas, in a suit pending in the United States circuit court for the eastern district of Texas, and as such receiver he took possession of several thousand head of cattle and other personal property; that on the 16th day of Decem-

ber, 1890, the plaintiff, in his capacity of receiver, sold to the defendants, who were copartners doing business under the firm name of Benson & Hayes, 9,000 head of cows and calves for the sum of $63,-000, the same being the property of the American Land & Cattle Company; that at the same time the plaintiff, in the capacity of general manager for said cattle company, sold to Benson & Hayes 3,000 head of cattle for the sum of $25,000; that in payment of the cattle sold by plaintiff as receiver he received from the defendants $20,000 in drafts, which were paid, $7,000 in the capital stock of the Brule County Bank, of South Dakota, at par, $3,000 in the capital stock of the South Park Improvement & Investment Company, of Kansas City, Mo.; and for the balance due on the sale by him made as receiver, and for the sum due for the sale made as manager of the cattle company, he took in payment a ranch upon the Brazos river, in Texas, containing 5,740 acres.

It is further averred that at the time the sale was made by plaintiff, as receiver, and in order to induce plaintiff to take the Brule County Bank stock, and the South Park Investment Company stock, as part payment for the cattle, the defendants made certain representations in regard to the same, which, it is averred, were false and fraudulent. It further appeared that the day succeeding the making of the sales of cattle, as above stated, the plaintiff filed his report as receiver in the court appointing him, in which he charged himself with the amount of the bank and investment company stocks as cash, aggregating the sum of $10,000; that said report was approved; and that the plaintiff has fully settled with the American Land & Cattle Company for said stocks, and for the land received in payment as above stated. It is further averred that plaintiff was induced to charge himself in his account as receiver with the sum of $10,000 as cash received, and to take and hold said stocks himself, by reason of the false and fraudulent statements made by defendants in regard to said stocks, the statements in regard to the bank stock being that the same was full paid, worth par, and that the bank in the past had paid and was continuing to pay dividends thereon, and in regard to the South Park Investment Company's stock that it was worth par, and could be sold for the face value. It is further charged that upon investigation, made after plaintiff had received these stocks, it appeared that the bank stock was not full paid, no dividends had ever been paid thereon, and the stock was valueless; and that the investment company's stock was worthless.

Based upon these facts the present action at law was brought, wherein plaintiff seeks to recover as damages the sums he charged himself in his account as receiver for the stocks by him taken as part payment for the cattle by him sold as receiver to the defendants. The defendants interpose a demurrer to the petition upon several grounds, the first being that it does not appear that plaintiff is the legal owner of the cause of action declared on. In the petition it is expressly averred that the cattle sold to the defendants were the property of the American Land & Cattle Company. The money and property transferred to the receiver in payment therefor, when so transferred, became the property of the cattle company. If the prop-

erty so transferred was not equal in value to what it was represented to be by the defendants, the loss caused by such depreciation in the value of the stocks was the loss, in the first instance, of the cattle company. Assuming that the representations charged to have been made in regard thereto by the defendants were false, and of such a character as to create a right of action against defendants, such right of action belonged to and was the property of the cattle company. This right of action rested in the cattle company as soon as the title to the stocks passed to it, which was when the cattle were delivered to the defendants. The right to an action for the recovery of damages having thus vested in that company it would not pass to any third person, to whom the company might sell or assign the stocks in question, as a mere incident thereto. The question is not other nor different from what it would be if the company had sold the stock to a third party, and it certainly cannot be true that a sale of the stocks would transfer to the purchaser the right of action which had vested in the company. The facts averred in the petition show a sale and transfer of the stocks to the cattle company, and assuming that the facts stated also show a subsequent legal transfer thereof to the plaintiff, upon which question no opinion is expressed, all that can be claimed is that the plaintiff has become the owner of the shares of stock through a purchase thereof from the cattle company; but there are no facts averred which show a transfer or assignment of the right to claim damages from the defendants by reason of the alleged false statements in regard to the value of the stock. No reason is perceived why the cattle company cannot now institute an action, if the right to maintain the same ever existed, against the defendants for damages caused by procuring a sale of the property of the cattle company, by false representations in regard to the stocks offered in payment thereof. It would not be a defense to such an action for the defendants to plead that the cattle company had sold and transferred the stock to the plaintiff or any other third party. The transfer of the stocks would not transfer the right of action for the damages caused by the false representations. At common law, such a chose in action was not assignable, so as to enable the assignee to maintain an action at law in his own name thereon. What the law of Texas is in this particular, and whether the laws of that state or of Iowa determine the right of assignment and of the assignee to maintain an action at law, it is not necessary to consider at the present time, for it does not appear from the allegations of the petition that any legal transfer or assignment of the chose in action, to wit, the claim for damages based upon the alleged false representations, has been made to the plaintiff.

The petition therefore fails to show that plaintiff is the owner of, or has the right to enforce at law, the cause of action claimed to have been created in favor of the American Land & Cattle Company by the false representations made by defendants in regard to the stocks transferred to the receiver of the cattle company. The demurrer to the petition is therefore sustained, with leave to plaintiff to amend the petition in case facts exist justifying the same.