GEORGE T. MULLINAX et al., Appellants, v. W. H. LOWRY et al., Respondents.

**Kansas City Court of Appeals, January 10, 1910.**

1. **PLEADING.** If a written contract is made by a principal through an agent to whom the principal afterwards assigns the contract, in a suit on such contract against the assignee agent, it must be declared upon as made by the principal.

2. **FRAUD AND DECEIT: Pleading.** If in such case a counter-claim is set up in the answer on account of fraud and deceit, the deceit must be alleged as having been practiced upon the principal and not the agent.

3 **ASSIGNMENT: Fraud and Deceit.** A claim for fraud and deceit is not assignable for the purpose of the assignor setting up a counterclaim in damages on account of the deceit.

Appeal from Mercer Circuit Court.—*Hon. Geo. W. Wanamaker*, Judge.

REVERSED AND REMANDED.

*Orton & Orton* for appellants.

(1)  Any cause of action for fraud and deceit alleged in the answer, is a cause of action for representations made to defendants for the purpose of defrauding them (not Fox) while the proof (if any) is representations made to Fox's agent to defraud Fox.   A fatal variance or failure of proof.   Defendant could not recover upon his counterclaims under the pleading and evidence.   Chitty v. Railroad, 148 Mo. 61; Haynor v. Light, Power & Water Co., 129 Mo. App. 698; Henry County

v. Bank, 208 Mo. 226.   (2)   The written contract between Fox and W. H. Lowry did not transfer any cause of action for deceit (action *ex delicto*), but relinquished all his rights in all the hay contracted in Mercer county, Missouri.   Fox himself, being after such contract, the owner of any alleged cause of action sounding in tort against plaintiffs.   (3)   A cause of action such as for deceit and fraud, if possessed by Fox, is under the law not assignable to the defendants, even if the written contract between Fox and Lowry attempted so to do.   Harrison v. Craven, 188 Mo. 601.   (4)   Evidence looked at in its most favorable light, shows no cause of action, either in Fox or defendants for fraud or deceit.   Brown v. Mining Co., 194 Mo. 681; Langdon v. Green, 49 Mo. 363; Davis v. Insurance Co., 81 Mo. App. 264; Anderson v. McPike, 86 Mo. 293; Foundry Co. v. Haskett, 125 Mo. 516; Wann v. Scullin, 210 Mo. 429.   (5)   It is the duty of the court to declare the legal effect of the two written contracts introduced in evidence, and the court erred in submitting their construction to the jury.   Insurance Co. v. Wolfson, 124 Mo. App. 286; Hahn v. Whitney, 82 Mo. App. 625.

*Ben. T. Kesterson, L. B. Woods* and *J. C. Wilson,* for respondents, filed no brief.

ELLISON, J.—This action is based on a contract for the purchase of a lot of hay and corn.   The defendants filed an answer setting up a counterclaim.   There are two defendants, though we need only refer to one of them.   The judgment was for the defendants.

It appears that one Fox bought the hay and corn of plaintiffs by a written contract.   That Fox was represented by and acted through defendant as his agent. The hay was sold at nine dollars per ton and the corn at fifty cents per bushel.   A portion of the hay was delivered and a part of purchase price was also paid.   Defendant then discovering that the hay was not of the

quality bought, refused to receive or to accept any more. This action resulted for the difference in the price which was to be received and what the hay was worth on the market when refused. Since the contest relates to the hay, we will not consider the corn. Nor is it necessary, so far as our conclusion is concerned, to deal with the matter of cash payments made, or whether they were intended to be on the corn or the corn and hay.

Defendant's answer set up a counterclaim and pleaded the written contract showing that plaintiffs' agreement to sell the hay to Fox was made through this defendant as agent for Fox, and that afterwards Fox assigned the contract to defendant; thus the agent negotiating the contract became the owner of it and Fox dropped out of the transaction.

It is set up in the answer that plaintiffs knowing that "defendant" wanted the hay to ship and sell on the market, falsely, deceitfully and fraudulently, with intent to cheat and defraud "defendant," represented that the hay was first-class timothy and suitable for the market and that "defendant" not knowing the true quality and it being impossible for him to examine it, and relying on plaintiffs' representations, purchased it, etc. It is then properly alleged that certain payments were made before learning the quality of the hay; that is, that it was of inferior and unmarketable kind, and that defendant was compelled to sell at a loss, to his damage, etc.

It thus appears that the sale was made to Fox and that the fraud and deceit was practiced upon Fox; but that the answer charges the representations to have been made to, and the deceit practiced upon, the defendant. It is manifest that the pleader has allowed himself to charge that the deceit and fraud was practiced upon the defendant from the circumstance that defendant was the agent who made the contract for Fox and afterwards became the owner of it; thus being substituted

for Fox in the transaction. But, as a matter of law, the contract was made with Fox and the fraud and deception was practiced upon him, and the answer should have so alleged it. As the matter stands we have one cause of action stated and a different one proven, which is not allowable. [Henry County v. Bank, 208 Mo. 209, 226.]

Again, there is no allegation that the cause of action arising in favor of Fox by reason of the fraud and deceit alleged to have been practiced upon him, was assigned to defendant. Without such assignment defendant has no right to avail himself of it.

But the further question remains: Is such an action assignable? Can an action for fraud and deceit practiced upon the assignor be maintained by the assignee for the purpose of recovering damages arising from the deceit practiced upon the assignor? The law is that it cannot. [Harrison v. Craven, 188 Mo. 590.]

The judgment is reversed and the cause is remanded.

All concur.