GEORGE T. MULLINAX et al., Respondents, v.
W. H. LOWRY et al., Appellants.

Kansas City Court of Appeals, December 9, 1912.

CONTRACTS: Sales; Evidence Examined. The evidence and instructions examined in a case involving the sale and price of a lot of corn and hay, as well as a counterclaim for damages, in which the verdict for plaintiff for $27.79 is not disturbed.

Appeal from Mercer Circuit Court.—*Hon. Geo. W. W. Wanamaker*, Judge.

AFFIRMED.

*William C. Forsee* and *J. C. Wilson* for appellants.

*A. G. Knight* and *Orton & Orton* for respondents.

ELLISON, J.—Plaintiffs' action is for the price of hay sold to defendants. They recovered judgment in the circuit court for $27.79.

This is the second appeal (140 Mo. App. 42). It is alleged in the petition that plaintiffs sold to defendants three-fifths of a certain crop of hay at nine dollars per ton, baled and delivered on railway cars. That they delivered fifty tons and 419 pounds, on which defendants paid $226.21, leaving a balance of $227.79 due on such delivery.

It is then charged that there remained of the whole lot sold 51 tons and 245 pounds, which defendants refused to receive; that at the date of refusal the hay (having fallen in price) was worth only $5.60 per ton, by reason of which plaintiffs were damaged in the sum of $170.75. The prayer was for judgment in the sum of $398.54.

The answer in the first count alleges that they bought the hay (as well as 2500 bushels of corn) of plaintiffs as agents of one Fox, and that plaintiffs knew it and therefore they did not incur any individual liability to plaintiffs. The further answer was in the nature of a counterclaim, and alleges that at the time of the purchase of the hay they also bought the corn at fifty cents per bushel to be delivered by plaintiffs. That Fox (their principal) became a bankrupt and that they entered into a new contract, individually, whereby they purchased the corn for the reduced price of forty-five cents per bushel on account of it having been piled on the ground and become wet and trampled on by cattle. But, as we understand the pleading, it is charged that plaintiffs so piled the corn as to greatly conceal the extent and nature of the damage. And that after the purchase and before the delivery by plaintiffs, the latter allowed it to remain on the ground and become further injured. That when plaintiffs delivered it on the cars it was mixed with dirt and rubbish. But that defendants, relying upon its being in the same condition as when they bought, they shipped to the market and were compelled to sell

at a greatly reduced price; whereby they were damaged in the sum of $400.

We do not see how the verdict, in view of defendants' testimony in their own behalf, could have been different. We will consider it as determining all matters of fact and look only to the action of the court at the trial. The first instruction was that if defendants knew of the damaged condition of the corn by the cattle, etc., when they purchased, they should not be allowed damages on that account. The objection is that there is no evidence of such knowledge. An examination of the evidence of one of the defendants shows they did know it. That is, they saw it was in a damaged condition and nothing hindered them from ascertaining the exact extent of the damage. In addition, they further saw its condition before it was sent to market and yet they shipped it. So the same may be said of objection to instruction No. 7. The testimony of defendant Lowry himself is enough to authorize the jury to believe that his present claim is not just.

Instruction No. 4 was to the effect that there could be no assignment of the $200 paid to plaintiffs by Fox, and we see no objection to it.

Instruction No. 5 was objected to on the ground that it states it was "admitted" by defendants that they received hay at nine dollars per ton amounting to $227.29. It would have been better not to have stated that defendants had admitted it. But we do not see, in view of the patent fact, how any harm could have resulted.

Instructions 8 and 9 were to the effect that plaintiffs did not guarantee that the hay was of any particular marketable grade, and they were not bound further than that it was of some value in some grade. Whatever bearing these instructions may have had was against plaintiffs, since, under the circumstances

·disclosed in evidence, we do not see how plaintiffs were to be held to have guaranteed anything.

There is a lengthy criticism of instruction No. 10, whereby the attempt is made to show where, as a whole, and in separate parts, it was prejudicial to defendants. We do not think it was. Other objections, untenable we think, are made to other instructions.

But when all, in connection with those given for defendants, are considered as a series, we think the jury could not have been misled. The only hurtful tendency we have discovered is their extreme length. Combined, they cover nineteen printed pages, defendants having the greater part. We cannot discover a criticism to be made upon those for plaintiffs which could not be offset by a like offense committed by defendants. No error was made in the ruling upon the evidence. Considering the contest is over a verdict for $27.79, great effort has been displayed, zeal worthy of a better cause. There is no reason for further protracting the case. No error has been shown us which we can say substantially affected the merits of the cause, and hence we affirm the judgment. All concur.