AMELIA FISCHER, Appellee, v. ALTA KLINK et al., Appellants.

No. 46415.

JUNE 6, 1944.

McCoy & Beecher, of Waterloo, and L. J. Robertson, of LaPorte City, for appellants.

Thomas & Thomas, of Traer, and Nichols, Nichols & Milroy, of Vinton, for appellee.

HALE, J.—Christian Nelson died June 14, 1921. His will was duly admitted to probate. Subject to a life estate to the surviving widow, it provided, in Item III thereof:

"I give, devise and bequeath all of my real property of which I may die seized, from the death of my said wife, Christina Nelson, to my children in the following shares: to my daughter, Lizzie Dresher, one share; to my daughter, Christina Heckroth, one share; to the children of my deceased daughter, Sophie Gonnerman, one share; to my son, Frank Nelson, one share; to my daughter, Fannie Grimm, one share; to my daughter, Annie

Gonnerman, one share; to my son, Clifford Nelson, one share; to my daughter, Alta Klink, one share; to my son Earl Nelson, one share; to my daughter, Pearl Nelson, one share; to my daughter, Esther Seebach, one share; to my daughter, Dortha Nelson, one share. I further direct that in order to make a fair and equal distribution of the real estate, it shall be sold.''

Item VI named testator's son Clifford Nelson executor and authorized him to make sale of the real estate. Testator died the owner of the Northwest Quarter of Section 22 and the Southwest Quarter of Section 15, all in Township 85, Range 13, West of the Fifth P. M., Tama County, Iowa. The widow elected to accept the provisions of the will and is now deceased.

On November 24, 1922, the appellant Alta Klink, ''heir at law of Christian Nelson, Dec'd,'' and her husband, George Klink, borrowed $6,500 from the Dysart Savings Bank and made and delivered to said bank their note for $6,500, due November 24, 1925. To secure the same they executed a mortgage on the land above described, subject to the life estate of Christina Nelson.

On December 17, 1923, said note and mortgage were assigned by the bank to Amelia Fischer, appellee. She thereafter brought suit on the note and mortgage. Decree of foreclosure was entered therein and at sheriff's sale appellee bid in the amount of the judgment and costs and satisfied the judgment. On April 21, 1939, appellee filed petition in the present case, setting out the facts heretofore referred to, the will, and the note and mortgage, alleging that appellants agreed with Dysart Savings Bank to secure payment of the loan by the encumbrance of Alta Klink's right and interest to the estate, which was done, and that the mortgage was accepted by the bank with the understanding and belief that the same encumbered and assigned as security for said indebtedness her right, title, and interest in the estate of Christian Nelson. The petition recites the fact of foreclosure, alleges a mutual mistake, claims an equitable lien upon the distributive share of Alta Klink, being an undivided one twelfth of the proceeds of the sale of said land by the executor upon the termination of the life estate of Christina Nelson, and asks vacation of the former decree of foreclosure

and of the execution sale and sheriff's deed and satisfaction and discharge of personal judgment.

To this petition there was answer, and motion to dismiss, which was overruled. Trial was had to the court and decree entered finding that the mortgage equitably assigned to Dysart Savings Bank all of Alta Klink's right, title, and interest to the real estate described and in and to any distributive share arising out of the sale thereof by Clifford Nelson, executor; that all rights or interests of Alta Klink are now lodged in Amelia Fischer; and directing Clifford Nelson, as executor of the estate of Christian Nelson, to account for and pay over to Amelia Fischer all the proceeds of sale arising out of the real estate described that Alta Klink might at any time have claimed therein. Defendants Alta Klink and George Klink appeal. After the appeal was perfected, by stipulation the share of Alta Klink in the proceeds realized from the sale of the three hundred twenty acres was deposited with the clerk of the district court of Tama county to be paid over to the person finally found to be entitled thereto.

In the petition filed in this case appellee asked reformation of the instruments, but in argument withdrew any such claim, alleging that there is no necessity of reformation and confining her claim for relief to such rights as she may be entitled to arising out of the note and mortgage as written and the facts and circumstances in connection therewith under applicable equitable principles.

We will first note the propositions submitted by appellants as grounds for reversal. The first is a general averment that the trial court erred on the ground that the evidence and the record show that appellee received everything to which she was entitled and is not entitled to equitable relief. We understand this to mean that the land, and not the proceeds, was the only security for the note and there was no equitable lien upon the share of Alta Klink in her father's estate. We shall consider this matter hereafter. Appellants cite various portions of the petition, alleging that the evidence does not sustain appellee's allegations. We think the case hinges upon the interpretation to be given to the note and mortgage.

I. In the second division of their argument appellants

urge that the endorsement of the note and the assignment of the mortgage to appellee did not transfer or assign to her the cause of action here sought to be maintained. With this we disagree. The transfer of the note and mortgage, before due, carried with it the right to collect, and such right to collect was a right to all that the mortgage represented. Various cases are cited by appellants. Puffer v. Welch, 144 Wis. 506, 129 N. W. 525, Ann. Cas. 1912A, 1120, was an action for deceit, and it was held that right to recover did not pass to assignee of an option as an incident. One of the reasons given by the court was that under the statute in force at the time a right of action for damages did not survive and hence was not assignable. Also cited are Kenedy v. Benson, N. D., Iowa, 54 F. 836; Schwartz v. Durham, 52 Ariz. 256, 80 P. 2d 453; Robinson v. Saxon Mills, 124 S. C. 415, 117 S. E. 424; and Mullinax v. Lowry, 140 Mo. App. 42, 124 S. W. 572. All these are cases involving fraud and none has application here. Like any other assignment of mortgage or contract, the assignment here to appellee carried with it every right pertaining to the instrument assigned. Under our law all choses in action are assignable.

II. Appellants next urge that the record in this case fails to disclose any grounds upon which appellee can sustain the cause of action pleaded by her. This argument is based upon the claim that appellee has never had any lien, by contract or otherwise, on the personal property or money in the estate belonging to Alta Klink. Cited by appellants are Beaver v. Ross, 140 Iowa 154, 118 N. W. 287, 20 L. R. A., N. S., 65, 17 Ann. Cas. 640; and Hunter v. Citizens Sav. & Tr. Co., 157 Iowa 168, 175, 138 N. W. 475, 478, Ann. Cas. 1915C, 1019. The latter case is hardly applicable, and the opinion states:

"Our decision only goes to the proposition that a judgment creditor acquires no lien or claim upon the land left by the testator which can be asserted or enforced against it in the hands of one to whom it has been conveyed by the executors in the exercise of power conferred upon them by the will. Beyond that we need not go."

We find in this case little application to the facts in the case at bar.

The fourth proposition of appellants is that there was no assignment by appellants to appellee of the proceeds of the sale of the land. This we will consider in a later division.

In substance, all propositions of appellants are based upon a denial of any claim of an equitable assignment, and they insist the mortgage referred only to the land and not to any proceeds thereof.

■ III. Neither party disputes that the will of Christian Nelson worked an equitable conversion of the real estate into personalty. Under the rule many times announced by this court, equitable conversion took place upon the death of the testator. Beaver v. Ross, supra; Peters v. Thoning, 231 Iowa 755, 2 N. W. 2d 76. Many other cases support this rule and it has invariably been so held in Iowa.

Appellee cites Beaver v. Ross, supra, in support of her argument that a beneficiary under a will such as the one in the case at bar, who is entitled to a distribution arising out of the sale of real estate, has an interest subject to assignment, and that such assignment can be informal and it is not necessary that such assignment be in writing. This is the rule. The only question is, Do the facts herein constitute such an equitable assignment? Any words or transactions which show an intention on the one side to assign and the intention on the other to receive, if there is a valuable consideration, will operate as an effective equitable assignment. 5 C. J. 909, 910, section 78 [6 C. J. S. 1101, section 58]; County of Des Moines v. Hinkley & Norris, 62 Iowa 637, 17 N. W. 915. Alta Klink, being entitled to one twelfth of the proceeds of the sale of the land when made, had such an interest as was subject to assignment. Dating from the death of Christian Nelson, the land had all the attributes of personal property, and except in the case of reconversion by agreement of all the heirs, the interest of each heir would be only an interest in the proceeds. Not only did Alta Klink have the right to assign, but such an assignment might be verbal and informal and there need be no express assignment of such interest; and, following Beaver v. Ross, supra, there might be an equitable assignment by the legatee, Alta Klink, of her interest by mortgage or otherwise.

Was the instrument executed by Alta Klink and her hus-

band such an instrument as transferred to the assignee thereof her one-twelfth interest in the proceeds of the sale of the land directed by the will? It may be noted that the mortgage deed describes Alta Klink, the mortgagor, as *heir at law of Christian Nelson, deceased.* The mortgage contains the usual habendum clause and a warranty of title. Either (1) it was an idle and useless instrument, which neither party thereto intended to be of any validity or value; or (2) it was something of value intended to be a security for the loan. We think there can be no question as to the intention of the parties. Taking into consideration that the land described was the source from which the legacy of Alta Klink was to be derived, it is fair to assume that, in executing the instrument as she did, she intended to transfer to the bank her right under the will in such land as security for the loan and that the bank so understood and accepted her interest in the land, or the fund to be derived therefrom, as such security. No other construction is reasonable.

A construction that the execution of the note and mortgage gave no right to the bank to participate in the proceeds arising from the sale of the land would result in making the mortgage worthless and void. We have a right to consider that the parties acted in good faith and the mortgagors intended to give, as mortgagee intended to receive, something substantial and of value. This is the only equitable construction that can be placed upon the transaction. Courts are loath to construe such transactions in a manner as to cause the result to be unfair, unreasonable, and unjust. See Johnston v. Johnston, 182 Iowa 481, 166 N. W. 65, cited by appellee; Saunders v. Saunders, 115 Iowa 275, 88 N. W. 329; and In re Estate of Wilson, 218 Iowa 368, 371, 255 N. W. 489, 491, wherein it is stated, in relation to a contract to convey an heir's interest in personal property:

"The only personalty of the estate in which he was interested on the date of the assignment was the proceeds of the sale of the real estate. The parties must have intended to do something for the benefit of one or the other to the transaction."

In that case the personal property had been exhausted and the court construed the contract to carry with it the proceeds derived from the sale of the real estate by the administrator.

In re Estate of Matthews, 234 Iowa 188, 192, 12 N. W. 2d 162, 164, cites the Saunders case, supra, and states:

"It is to be presumed that a valid instrument was intended to be made."

This court has never directly passed upon the proposition here presented, under similar facts, where the question of equitable assignment was in issue. In Ihle v. Ihle, 222 Iowa 1086, 270 N. W. 452, a case of equitable conversion, there was some reference to the question. There one of the heirs had given a mortgage on his one-sixth interest in certain land. The mortgage was given as additional security to a chattel mortgage and assigned to a bank. The trial court decreed appellant's mortgage created no lien upon the real estate therein described, but made a finding that, subject to the right of retainer by the executor, the mortgage created upon the heir's share an equitable lien in favor of the bank, and directed payment to the bank of his share after deductions by the executors. Neither party appealed from this ruling, however, and the only question arising on appeal was one of priority.

In a general way, Beaver v. Ross, supra, holds that an equitable assignment may be created by mortgage. However, the question has arisen in courts of other jurisdictions. The rule that an assignment ordinarily carries with it all rights, remedies, and benefits which are incidental to the thing assigned, except those which are personal to the assignor and for his benefit only, has been affirmed many times and it has been held that an assignment of property carries with it a right to the proceeds thereof. 6 C. J. S. 1142, section 85.

In Bailey v. Allegheny Nat. Bk., 104 Pa. 425, 435, it is held that a mortgage executed by one who was only entitled to a share in proceeds of land itself was treated as a provisional election on his part to take the land in lieu of the money, contingent upon agreement of the other heirs uniting therein, and an equitable assignment in the meantime of the interest of the lien as personalty, which, after partition, attached to the purpart allotted to the mortgagor in severalty. The opinion states:

"As between the parties to the mortgage, any other result would be grossly unjust and inequitable. While they may have

been mistaken as to the nature of Mrs. Mackey's interest under the will, it was undoubtedly their intention to pledge it, whatever it might be, as security for the loan; and hence, as between themselves, the mortgage was, at least, an equitable assignment of that interest."

In Klock & Ould v. Buell, 56 Barb. (N. Y.) 398, an assignment of all the right, title, and interest in the within-named land was held to assign the proceeds of the sale of the land.

In Shephard v. Clark, 38 Ill. App. 66, which was a case of equitable conversion directing sale at the conclusion of a life estate, it was held that a quitclaim deed given by a legatee, though purporting to convey an interest in land, if intended by the parties to be an assignment of such property right, will, in equity, operate as such. The court held that the intention might have been by the terms of the deed to pass the grantor's interest in the proceeds of the land. Citing Ridgeway v. Underwood, 67 Ill. 419.

While not directly in point, for the rule that the assignment of a demand operates as an assignment of all incidents to the demand, see Citizens Nat. Bk. v. Loomis, 100 Iowa 266, 69 N. W. 443, 62 Am. St. Rep. 571; and Everett v. Central Iowa Ry. Co., 73 Iowa 442, 35 N. W. 609.

We think that a court of equity, in a situation such as is shown by the evidence here, should determine that under the facts the instrument in evidence be given the construction of an equitable assignment. Under any other construction the mortgage would be a nullity. No specific intent in words is necessary other than the fact that the instrument itself evidences the intent.

IV. Appellee cites various maxims of equity which we think are applicable to the situation here:

"The maxim that equity imputes an intention to fulfill an obligation, means that where an obligation rests upon one to perform an act and he attains the means of performing it, he will be presumed to intend to perform through such means, and usually will not be permitted to show the contrary, equity giving effect to the presumed intent. It has been applied in connection with the maxim that equity regards as done that which ought

to be done.'' 21 C. J. 206, section 206 [30 C. J. S. 516, section 108].

Also cited is the well-known maxim that equity regards substance rather than form. See Marshall Inv. Co. v. Lindley, 156 Iowa 6, 134 N. W. 853; and one of our most recent cases, Kurtz v. Humboldt Tr. & Sav. Bk., 231 Iowa 1347, 1349, 4 N. W. 2d 363, 364. The opinion, by Justice Garfield, states:

''This cause is before us in equity. It is a maxim which has been frequently stated and applied that equity regards substance rather than form. In applying this maxim, technicalities will be disregarded.'' Citing authorities.

As we have stated, the decision of the issue presented to us depends only on the interpretation to be given to the mortgage—whether or not such instrument constitutes an equitable assignment. We hold that it does. We are satisfied that the intention of Alta Klink, an heir of Christian Nelson, deceased, was to transfer, and she did transfer, all her interest in the three hundred twenty acres described in such mortgage, and such interest included the proceeds derived from the sale of the land. Any other holding would defeat the very purpose for which the instrument was executed and would be unfair and inequitable, in that appellee, who took the instrument in good faith, as security for the money which was advanced, would be unjustly prevented from receiving repayment; and that appellants, who received the benefit therefrom, would unfairly profit thereby. Under the general rule, we hold that not only the general equities in the case require but the authorities sustain a holding of this court affirming the decree of the lower court, and it is so held.

Under this view of the case we find it unnecessary to consider the effect of appellee's motion to dismiss, especially now that by stipulation the fund in controversy, which was held by the executor, has been deposited with the clerk of the district court.—Affirmed.

All JUSTICES concur.