**In re Vernon C. HACKETT, Debtor.**

**James P. Delsing, and Kathleen Delsing, Plaintiffs,**

v.

**Vernon C. Hackett, Defendant.**

**Bankruptcy No. 05–46615–293.**
**Adversary No. 05–4287–659.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Feb. 14, 2006.

Charles W. Riske, Attorney at Law, St. Louis, MO, for debtor.

*ORDER*

KATHY A. SURRATT–STATES, Bankruptcy Judge.

The matter before the Court is Debtor's Motion to Dismiss for Failure to State A Claim Upon Which Relief Can Be Granted (the "Motion to Dismiss") and Creditor's Reply to Debtor's Motion to Dismiss. A hearing on the Motion to Dismiss was held on December 6, 2005, where both Debtor and Creditor appeared by counsel and presented oral argument. Upon consideration of the arguments raised by each party in this matter, the Court issues the following FINDINGS OF FACT:

Debtor Vernon C. Hackett ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 15, 2005. Trustee, Robert J. Blackwell, is the duly appointed Chapter 7 Trustee. This adversary proceeding was filed by Creditors James P. Delsing and Kathleen Delsing ("Creditors") for fraud and deceit under 11 U.S.C. § 523(a)(2)(B) (2005).

Creditors' claims arise from a loan and extension of credit obtained by Debtor from Allegiant Bank. Allegiant Bank assigned all claims arising out of the loan and extension of credit to Creditors for a reasonable fee. Debtor's company defaulted under the promissory note as extended by the subsequent renewal agreements and modification agreements on January 2, 2004, by failing to pay the loan balance and accrued interest due. Creditors thereafter foreclosed upon the collateral for Debtor's loan resulting in a deficiency balance. Creditors obtained a deficiency judgment against Debtor for damages arising out of those loan transactions in the amount of $285,408.55 in the St. Louis County, Missouri, Circuit Court on February 2, 2005.

The amount of the judgment debt due

Creditors is $292,604.35.[1] Creditors contend that Debtor's obligations to Allegiant Bank, constitutes a debt obtained by use of a fraudulent financial statement which Allegiant Bank, as Creditor's predecessor in interest, reasonably relied upon for such money or credit. Debtor contends that Creditor's adversary should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr.P. 7012(b)(6),[2] since Creditors lack standing. Debtor's position is that actions for fraud and deceit are not assignable under Missouri law. The Court resolves this dispute below after carefully weighing the merits of each argument.

### *JURISDICTION*

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334 (2005), and Local Rule 81–9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (2005). Venue is proper under 28 U.S.C. § 1409(a) (2005).

### *CONCLUSIONS OF LAW*

■ This action arises under Missouri contract law. Under Missouri law, where an assignee tenders full consideration for an assignment, the assignment includes "all of the remedies that were inherent in the notes, including the right to sue for fraud." *Beall v. Farmers' Exchange Bank of Gallatin,* 76 S.W.2d 1098, 1099 (Mo. 1934). "A contract is assignable unless it involves personal services which involve personal skill, knowledge or a relation of personal confidence." *Sympson v. Rogers,* 406 S.W.2d 26, 30 (Mo.1966). "An action for fraud is assignable where the wrong is not regarded as one to the person but is assignable where the injury is regarded as affecting the estate or arising out of contract." *Houston v. Wilhite,* 224 Mo.App. 695, 27 S.W.2d 772, 775 (1930).

■ Here, the promissory note at bar neither involves personal skill, knowledge, nor a relation of personal confidence. The allegations raised by Creditors are not based in tort but arose out of a contract between the assignor Allegiant Bank and Debtor. Creditors tendered full consideration to Allegiant Bank for its assignment of the promissory note to Creditors. Creditors allege that Debtor obtained the aforementioned promissory note by fraud and deceit. Therefore, Creditors are entitled to bring an action against Debtor for any fraud or deceit that may have existed between Allegiant Bank and Debtor when the promissory note was originally executed and later modified and extended.

Debtor cites *Mullinax v. Lowry,* 140 Mo.App. 42, 124 S.W. 572 (1910), which in dicta, theorizes that an action for fraud and deceit cannot be maintained under Missouri law. However, the weight of this dictum is found wanting in comparison with the jurisprudence *supra* of the Missouri Supreme and Appellate Courts analyzing this exact issue in cases subsequent to *Mullinax.* Consequently, Debtor's argument is without merit since Creditors have stated a cause of action for which relief can be granted under Missouri law. Therefore,

---

1. Ex. 8 to Creditor's Complaint.

2. "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading...except that the following defenses may...be made by motion: (6) failure to state a claim upon which relief may be granted..." Fed. R. Bankr. P. 7012(b)(6) (2005).

ORDERED THAT** Debtor's Motion to Dismiss For Failure to State A Claim Upon Which Relief Can Be Granted is DENIED.