## MOORMAN & GREENE v. COLLIER *et al.*

1. Assignment; RIGHT OF ACTION. All instruments are under our statute (Rev., § 1796) assignable, and the assignee may maintain an action in his own name thereon.

2. Bond; ACTION. Where a bond is given to an officer for the security of a particular individual, suit may be brought thereon in the name of the person intended to be secured. Rev., § 2787.

3. Contract; CONSTRUCTION: BOND: MISTAKE OF LAW. A mistake on the part of a person executing an instrument as to its legal effect, or that it has an effect different from that intended, cannot avail to avoid that construction of the instrument which the language used and the rules of law as applied thereto require.

4. —— So *held,* in respect to a bond given to an officer for the release of attached property, and which was intended as a delivery bond, but which bound the obligor to pay the judgment rendered against the attachment defendant.

*Appeal from Keokuk Circuit Court.*

THURSDAY, JULY 27.

ON the 3d day of October, 1870, the plaintiffs filed their petition, under oath, claiming of defendant, J. B. Collier, $388.93, on a note executed by him to them, and also asking an attachment. The writ was issued the same day, and was served by the sheriff by levying on a horse, saddle and bridle, and attaching two persons as garnishees. The return of the sheriff also states, " that on the 6th day of October, 1870, the defendant, with J. G. Good as

surety, executed .and delivered to me the bond herewith annexed and returned." The annexed bond was, in all respects, the "bond to perform judgment" provided for by Revision, section 3191, except that it was to the sheriff instead of to the plaintiffs, and was conditioned, "if the said J. B. Collier shall, in all things, well and truly perform *any judgment* of said court which may be awarded against him in said action, then this obligation to be void, otherwise to remain in full force and virtue." The bond was like the form in Miller's Practice, 474, and was assigned by the sheriff to plaintiff. On the trial of the action, in February, 1871, the surety in said bond, J. G. Good, filed an answer, averring that the bond was executed for a delivery bond of the horse, saddle and bridle only; that he still had the property which was only worth $125.00, and was ready to deliver the same to the sheriff; that he assumed no other liability, and it was not the intention that he should become security for the entire debt of the defendant Collins to plaintiffs; that any further liability was obtained through fraud, or mistake of all the parties as to the effect of said bond. There was a trial to the court, and judgment was rendered against the defendant, Collier, for $395.40, and also against Good as surety on the bond. The defendant Good excepted and appeals.

*C. H. Mackey* for the appellant.

*G. D. Woodin* for the appellees.

COLE, J. — I. Upon the trial the plaintiffs offered the bond in evidence. The defendant objected, because it was

1. ASSIGNMENT: right of action.

not given to plaintiffs, but was for the sheriff only. This objection was overruled, and this is assigned as error. There was no error in the ruling of the court. All instruments, under our statute, are assignable so that the assignee shall have a right of action in

his own name. Rev., § 1796. Hence, the bond having been assigned to plaintiffs, they might offer it in evidence.

But further than this, our statute also provides that, when a bond given to an officer is intended for the security of a particular individual, suit may be brought thereon in the name of any person intended to be secured, etc. Rev., § 2787. The testimony in this case shows that the bond was given to secure plaintiffs; indeed, that is apparent from the bond itself. It was for this reason, also, properly admitted.

2. BOND: action.

II. The testimony in the case makes it quite apparent that the defendants, Collier and Good, and also the sheriff, intended by the bond, simply to obligate Good as the surety for Collier, to deliver the property, or its value, to the sheriff, to satisfy any judgment that the plaintiffs might recover against Collier, and they all supposed that to be its legal effect. But there is no dispute that the sheriff prepared the bond as it is, and the defendant, Good, carefully read it over before he signed it, and knew its language to be precisely what it is; and he signed it intentionally. The defendant, by giving the bond, not only discharged the horse, saddle and bridle from the attachment, but also the two garnishees. He probably did not intend the latter; but his intention could not restore the plaintiffs to their rights as against the garnishees. It is a case of mistake of law, in which some person must suffer; and the law wisely, though sometimes with great apparent hardship, leaves it for him to suffer who committed the mistake.

3. CONTRACT: construction: bond: mistake of law.

We cannot better state the rule in such cases than by quoting from 2 Pars. on Cont. (5th ed.) 494, 496 : " The rule of law is, not that the court will always construe a contract to mean that which the parties to it meant, but rather that the court will give to the contract the construction which will bring it as near to the actual meaning of the parties as the words they saw fit to employ,

when properly construed, and the rules of law, will permit. In other words, courts cannot adopt a construction of any legal instrument which shall do violence to the rules of language, or to the rules of law. Words must not be forced away from their proper signification to one entirely different, although it might be obvious that the words used, either through ignorance or inadvertence, expressed a very different meaning from that intended. * * * * For if the words employed were those intended to be used, but their actual meaning was totally different from that which the parties supposed and intended them to bear, still this actual meaning would generally, if not always, be held to be their legal meaning."

The bond to perform the judgment, provided for in section 3191, and which was given by defendants in this case, is very different in its requirements and conditions from the forth-coming bond provided for in section 3219. Under the latter, the property is to be valued by the sheriff and two disinterested persons summoned by him, unless otherwise agreed; and the penalty of the bond is regulated by the value of the property, etc. The difference between the two bonds is almost too patent to admit of confounding the one with the other. But however this may be, under the rules of construction above quoted, there is no escape from making the order that the judgment shall be

Affirmed.