MERCHANTS' NATIONAL BANK OF MINNEAPOLIS *vs.* WILLIAM H. GASLIN.

November 5, 1889.

**Action on Domestic Judgment.**—An action may be maintained on a domestic judgment.

**National Bank — Effect of Winding-up Resolution.** — A resolution by vote of two-thirds of the shareholders of a national bank to go into liquidation and close, certified to the comptroller of the currency, does not dissolve the corporation, nor affect its capacity to collect its assets and close its affairs.

**Same—Suit by Bank after Trustees Appointed.**—The appointment by the shareholders of "trustees" to close the affairs of the bank, the title to its property not being vested in them, does not affect the right of the corporation to bring suit.

Action in the district court for Anoka county, on a judgment for $14,592.02, recovered by plaintiff against defendant in the district court for Hennepin county. Defence (among others) that plaintiff was dissolved prior to the bringing of the action. At the trial before *Young,* J., the defendant offered in evidence a certified copy of the resolution mentioned in the opinion for closing up plaintiff's affairs, and appointing trustees for that purpose, which was objected to and excluded. A verdict was directed for plaintiff, and the defendant appeals from an order refusing a new trial.

*Robinson & Baker,* for appellant.

*Hart & Brewer,* for respondent.

GILFILLAN, C. J.[1] It is generally conceded in the United States that at common law an action may be brought on a judgment, whether foreign or domestic. The right to bring such an action is recognized by the statute in this state. Section 6, *c.* 67, Gen. St. 1878, in order to prevent such actions being brought vexatiously, provides that "costs cannot be allowed in an action on a judgment of a court of this state between the same parties, unless such action was brought with previous leave of the court, for cause shown." The fact that

---

[1] Collins, J., did not sit in this case.

the stockholders, by the vote of the requisite two-thirds, resolved that the bank go into liquidation and be closed, and that notice thereof was sent to the comptroller of the currency, did not dissolve the corporation, and, while it probably disabled it to go on with the banking business, it did not affect its capacity to collect its assets and settle its affairs; and the appointment by the shareholders of what they call "trustees," to close up the affairs of the bank, the title to its assets and choses in action not being vested in them, and they being, therefore, only agents, did not affect the right of the corporation to maintain actions upon its choses in action.

Judgment affirmed.