S. L. THATCHER, Appellant, v. STICKNEY BROTHERS, Appellees.

1. **Pleading and Practice**: TRANSFER TO EQUITY DOCKET. Where by the pleadings legal and equitable issues are commingled, and there is no attempt to sever them, and no intimation that separate trials are desired for the different kinds of issues, the transfer of the whole case to the equity docket is not error.

2. **Practice**: OPENING CAUSE FOR ADDITIONAL EVIDENCE. Although a cause has been marked "submitted," it is not error for the court, in its discretion, under section 2799 of the Code, to sustain a motion to set aside the submission and permit additional evidence to be offered, where there is a showing under oath of newly discovered evidence, and of diligence, and the showing is such that the court might infer that there was an oversight or mistake as to the evidence in question.

3. **Appeal**: SUFFICIENCY OF EVIDENCE: DEFECTIVE ABSTRACT. The merits of a cause upon the evidence can not be considered on appeal where the abstract contains no showing that it contains all of the evidence.

*Appeal from Benton District Court.*—HON. L. G. KINNE, Judge.

TUESDAY, MAY 23, 1893.

THE plaintiff sold to the defendant firm certain lands, and as a part consideration therefor the firm agreed "to make a good and sufficient transfer and assignment of one hundred and twenty shares in the capital stock of the Iowa Falls Mineral Springs Improvement Company," valued by the parties at one

thousand, two hundred dollars. The certificate of stock held by Stickney Bros. shows the shares to be of ten dollars each, "on which fifty-five per cent. has been paid." The contract of sale was made on the twenty-third day of April, 1887, and on the second day of July, 1887, the defendant assigned the certificate for the one hundred and twenty shares of stock to the plaintiff by an indorsement thereon, but no entry has been made on the books of the corporation, which is essential to a valid transfer of the stock. The plaintiff alleges that there are certain assessments on said stock which the defendant company neglects and refuses to pay, in consequence of which the corporation will not make the transfer upon its books, and without such transfer the stock is valueless to him, because of which the plaintiff asks judgment for the amount of stock, with interest.

The answer admits the allegations of the petition, except such as charge fraud and misrepresentation by the defendant, or pertain to its obligation to pay further assessments on the stock, and charges that it was agreed that it should assign to the plaintiff one hundred and twenty shares of said stock, "on which fifty-five per cent. has been paid," and that such part of the contract was omitted from the writing by mistake, and asks by way of affirmative relief that the contract be reformed to conform to such agreement. The plaintiff filed a reply in denial, and the cause was, on motion of the defendant, set down for trial as an equitable action; and upon final submission the court found the issues with the defendant firm, and gave it judgment for costs. The plaintiff appeals.—*Affirmed*.

*W. C. Connell*, for appellant.

*J. D. Nichols* and *C. Nichols*, for appellees.

GRANGER, J.—I. The questions we are to determine are presented by an assignment of errors. The

1. PLEADING and practice: transfer to equity docket. first is that the court erred in setting down the cause for trial as an equitable proceeding. The assignment leads us to consider the state of the pleadings in the case. The original petition is in paragraphs numbered from "first" to "sixth." It contains but a single count, and is for damages because of the failure to pay the assessments, resulting in a refusal by the corporation to make the transfer on the books. The answer, because of its admissions, makes the issue one upon its allegations for affirmative relief in the reformation of the contract, and the denial by the plaintiff. With the issue thus presented, if the contract should be reformed, it would show that the plaintiff should pay the assessments, and he would have no cause of action. If not so reformed the admissions by the defendant would show its liability, and the result would be determined in either case without further proceedings. The issue as to reformation is purely an equitable one. *Carey v. Gunnison*, 65 Iowa, 702. With this condition of the pleadings there could be no issue for a jury.

But the plaintiff files an amendment to the petition, averring false and fraudulent representations by the defendant as to the value of the stock. The amendment is not a separate count, but is numbered "first." To the petition thus amended there is filed an "amended and substituted answer" in paragraphs one to thirteen, in which are admissions, denials, and matters for affirmative relief, as in the former answer, with a like prayer. It is because of the transfer of the issue thus made to the equity docket for trial that complaint is made. The petition should have been made in two counts; one for a breach of the contract to assign the stock, and the other for fraud. So pleaded, the answer must necessarily have been in two divisions, and the legal and equitable issues have been entirely separate, and susceptible to assignment for trial in the proper

forum.   Without objection by either party the issues have been mingled, and trial had thereon.   The objection to the transfer was not as to the issue of fraud, but as to the whole action.   It was not error to transfer it.   It was the defendant's right to have the equitable issues so tried.   In *Van Orman v. Merrill*, 27 Iowa, 476, it is held that, where the answer in an action at law sets up defenses, some of which are legal and some equitable, and the case is tried without any steps being taken by either party to separate the issues thus made, and have them tried separately, it will, on appeal, be considered one case only, and will be regarded as an equity case.   It seems to us that such a rule should obtain in this case.   The parties have treated this as but a single cause of action, without even intimating, in the court below, so far as we discover, that but a single trial was desired.

II.   On the second of April, 1891, the record shows an entry, "Cause submitted."   On the fourth of April

2. PRACTICE: opening cause for additional evidence.

the defendant filed a motion and affidavit to set aside the submission and permit additional evidence to be offered.   The affidavit is a showing of newly discovered evidence and of diligence, and the court, against the plaintiff's objection, granted the motion, of which complaint is now made.   It is urged that there had been a final submission of the cause, and that the court had no authority to grant the motion, relying upon Code, section 2799.   That section was construed in *Sickles v. Dallas Center Bank*, 81 Iowa, 408, and is authority for the action of the court.   It is said that the showing is not based on an evident oversight or mistake as contemplated by the section, but upon newly discovered evidence. We think the showing, taken altogether, was such that the district court might have found that there was an oversight or mistake, and with its discretion in such a matter we should not interfere.

III. The third assignment involves the merits of the case on the evidence, and the abstract contains no

3. APPEAL: sufficiency of evidence: defective abstract.

showing that it is one of all the evidence. It has the certificates of the judge and reporter as to the contents of the transcript. The transcript is not the abstract. Before we can determine the case upon the evidence, we must have an abstract, showing that it is one of all the evidence. The judgment is AFFIRMED.

KINNE, J., took no part in this case.