STATE ex rel. ANGELNA MOCHNICK, Appellee, v. FRANK ANDRIOLI, Appellant.

No. 41572.

JUNE 20, 1933.

Geo. J. Dugan, and Walter F. Maley, for appellant.

Carl S. Missildine, County Attorney, and Howard M. Hall, Assistant County Attorney, for appellee.

ANDERSON, J.—This is an action commenced and prosecuted under chapter 544-A1 of the 1931 Code (sections 12667-a1 to 12667-a54), charging the defendant-appellant, Frank Andrioli, with being the father of a child born to Angelna Mochnick. There was a trial in the district court of Polk county, the Hon. Joseph E. Meyer pre-

siding, and the jury returned a verdict finding the defendant guilty. Thereupon the court entered judgment, and, as provided by law, established the defendant to be the father of the child, and providing that he should pay to Angelna Mochnick the sum of $10 on the first and fifteenth of each month until further order of the court; and that the defendant file bond with the clerk of court for the sum of $1,000, as provided by law. The defendant appeals.

The child was born August 1, 1931, and the defense was that the last act of intercourse between the defendant and Angelna occurred on August 15, 1930, and that the defendant was not, and could not have been, the father of the child. The complaining witness, Angelna, was an Austrian girl, twenty-one or twenty-two years of age. She had been in this country about three years when she began keeping company and associating with the defendant. The defendant admits that he commenced to have sexual intercourse with the complaining witness in May, 1930, and that such acts continued until August 15, 1930, when he ceased keeping company with Angelna. There is evidence in the record, however, from which the jury could have found that the acts of intercourse continued until the latter part of October, 1930. As to this fact, however, a sharp controversy exists, and the whole defense stands or falls upon the determination of this fact. The defense claims that all relations between the complaining witness and the defendant ceased on August 15, 1930, and some evidence was produced that thereafter she associated with other men, and the insinuation that some other man was the father of the child is injected into the case. The most that can be said for this line of evidence, if it can be taken as true, is that the girl was seen upon the streets of Des Moines with some other man on two or three occasions, and was seen at a club dance in Madrid, with a man other than the defendant. There is, however, no testimony in the record showing the disposition or inclination of the prosecuting witness to commit acts of intercourse with any other man than the defendant, and the testimony referred to can have but little probative force.

When the complainant was first called as a witness, she fixed the date of the birth of her child as August 1, 1931; and the date of the last intercourse with the defendant as August 15, 1930. After the close of the testimony on the part of the state, and after the making of a motion by the defendant for a directed verdict, the court permitted the state to open the case and recall the com-

plaining witness. She then said she was confounded and mistaken
in her former testimony, when she stated that the date of the last
act of intercourse was August 15, 1930, and that the last act was
in the latter part of October, 1930. Strenuous objections were inter-
posed by the defendant to the act of the court in permitting the
reopening of the case and the recalling of the complaining witness,
and the defendant insists that the court committed an error in so
doing; that the motion to direct a verdict should have been sustained;
and that when the motion to direct a verdict was again made at
the close of all the testimony, the court erred again in not sustaining
it. The defendant contends that the testimony of the complaining
witness, after she was recalled, was not a correction, but a change
of her testimony; that it was a contradiction of her former testimony,
inconsistent, self-contradictory, and, being such, it is an absolute
nullity, and cites Graham v. Chicago & N. W. R. Co., 143 Iowa 604,
119 N. W. 708, 122 N. W. 573, and other cases as supporting this
contention. The gist of the cited cases is to the effect that, where a
fact as stated by a witness demonstrates the falsity of other testi-
mony given by her, the court is not bound to give such testimony
any probative effect.

The rule that it is for the jury to reconcile the conflicting
testimony of a witness does not apply where the only evidence in
support of a controlling fact is that of a witness who so contradicts
himself as to render finding of facts thereon a mere guess. We may
concede that, ordinarily, contradictory statements of a witness do not
make an issue of fact; and that such situation may deprive the
testimony of all probative force. But in the instant case there is
other competent testimony in the record to corroborate and sustain
the testimony of the complaining witness as to the date upon which
the last act of intercourse between the defendant and complaining
witness occurred. In this view of the record, and in the light of
other facts and circumstances which we will mention, we do not think
there was any error in reopening the case and permitting the com-
plaining witness to correct her former testimony.

The record shows that the complaining witness was in court for
the first time at the time of the trial of this case; that she was
unfamiliar with the English language, speaking it and understand-
ing it very poorly. There was a doubt expressed by the trial court,
when the oath was administered to her, as to whether or not she
understood the English language sufficiently to know the meaning

of the oath, or to proceed as a witness, without the use of an interpreter. The Austrian language was used in her home. It was necessary that an interpreter be used in taking her mother's testimony on the trial. Angelna had associated with foreigners, and had had little opportunity of learning the English language. The questions propounded to her by counsel on both sides were in many instances complicated and involved in language, and many of them could not have been easily understood, even by one familiar with the English language. And we do not feel that there was any abuse of discretion on the part of the court in reopening the case and permitting the complaining witness to correct her testimony.

The defendant testified that the last act of intercourse was on August 15, 1930, and that he did not see the complaining witness after that date, until after her child was born. At least three witnesses other than Angelna testified that they saw the defendant in company with the prosecuting witness at different times after August 15, and up to approximately November 1, 1930. The complaining witness testified that they had intercourse two or three times every time they were together, and that the last time was the latter part of October, 1930.

We might mention, incidentally, that the defendant himself confounds the date when the last act of intercourse took place—when, in answer to a question as to when he first had intercourse with Angelna, he answered, "October, about the middle of October," and following this he answered, "No, that was the last time."

We think the record warranted the action of the court in submitting the case to the jury, and that the testimony was sufficient upon which to base the verdict.

The defendant assigns as error rulings of the court in permitting certain questions to be answered by the witnesses, over proper objections of the defendant. The substance of these questions was: As to whether complaining witness had her menstrual period in October, 1930; in reference to talk about marriage between complaining witness and defendant; the giving of complaining witness a wrist watch by the defendant; as to the defendant being in company with the complainant during the month of October, 1930; as to statements made by the complainant after being in company of the defendant; and as to the defendant's association with the witness long prior to the dates in question.

We have carefully examined the record in reference to all of

these matters, and are constrained to hold that the ruling of the court was correct in all instances, and that no prejudice resulted therefrom.

 Other assignments of error are made by the defendant, but they are not argued, and, under Supreme Court Rule 30, they may be considered as waived. State v. Harding, 204 Iowa 1135, 216 N. W. 642; State v. Derry, 202 Iowa 352, 209 N. W. 514. However, we have considered these alleged errors, one of which was the giving of paragraph 8 of the court's instructions, and find no error.

It appears to us that the case was fairly tried; that no rights of the defendant were denied to him; that the case was properly submitted to the jury; and that the verdict is supported by the record. An affirmance necessarily follows.—Affirmed.

KINDIG, C. J., and MITCHELL, STEVENS, and KINTZINGER, JJ., concur.