MANLEY T. H. DOBLER, Appellee, v. ADAH E. BAWDEN, Appellant.

## No. 46956.

FEBRUARY 11, 1947.

Geo. R. Ludeman, of Mason City, for appellant.

Breese & Cornwell, of Mason City, for appellee.

HALE, J.—The parties to this action are nonresidents of this state and are brother and sister. The defendant, Adah E. Bawden, owned certain real and personal property in this state, inherited from an aunt, subject to levy and sale. Plaintiff in 1945 commenced action against the defendant in the district court of Cerro Gordo county on an Illinois judgment, aided by

attachment of defendant's Iowa property, for the purpose of enforcing and realizing on such Illinois judgment.

On January 11, 1922, defendant, Adah E. Bawden, by a written assignment, did "sell, assign, transfer, and set over to the First National Bank in Warren, of Warren, Illinois, all of my right, title and interest" in the bond from her brother, described hereinafter. This assignment was to secure notes to that bank in something over $6,300. These notes were afterward put in judgment by the bank, on November 12, 1931. This judgment was assigned to the plaintiff by the liquidating agent of said bank on May 29, 1941. It was revived by the plaintiff against the defendant June 22, 1942, in the Illinois court. The assignment of the judgment to Dobler was, in part, "the First National Bank in Warren, Illinois, does hereby sell, transfer, assign, and set over to Manley T. H. Dobler" a judgment which is described. "In witness whereof the First National Bank in Warren, Illinois, has caused its corporate seal to be hereto affixed and has caused its name to be signed to these presents by A. B. Meyer, its Liquidating Agent, this 29th day of May A. D. 1941." The acknowledgment of the assignment states that the execution of the instrument and the affixing of the corporate seal was "pursuant to authority, given by the stockholders of said corporation" and "as the free and voluntary act and deed of said corporation." Later in the same year, on November 6, 1941, the plaintiff started suit in Jo Daviess county, Illinois, to revive the judgment. Defendant, Adah E. Bawden, appeared and answered the complaint in the Illinois court and denied the bank had assigned the judgment. Trial was had and the court found that the original judgment had been assigned to plaintiff and judgment was rendered in favor of the plaintiff and against the defendant for $10,047.80. This is the foreign judgment sued on by the plaintiff in the present action.

Adah E. Bawden, defendant in this action, pleaded herein as a defense to plaintiff's judgment the special statute of limitations, section 615.1, Code of 1946 (section 11033.1, Code of 1939), and filed a counterclaim against the plaintiff on a contract between the parties dealing with the settlement of their mother's estate. This was a written agreement, signed in 1916, between plaintiff and defendant, which provided that Manley T. H.

Dobler, the plaintiff herein, was to have the entire estate of his mother, Ellen Dobler, and was to pay $6,500 to defendant, Adah E. Bawden, out of that estate sixty days after the death of the mother. There were other payments provided for, and the agreement provided for the giving of a bond by plaintiff to defendant, with sureties, in the penal sum of $6,500 to secure payment of the $6,500 above mentioned. This was the bond later assigned to the National Bank in Warren, Illinois.

The matters in issue are: 1. Claim by plaintiff against defendant on the Illinois judgment. 2. Counterclaim by defendant against plaintiff on the $6,500 bond given by him to her to secure his debt on the contract executed in 1916. 3. Claim by plaintiff against defendant on a half interest in eighty acres alleged by him to have been appropriated and sold, but belonging to the deceased mother's estate.

The case came on for trial September 17, 1945, in the district court of Cerro Gordo county, and on February 20, 1946, the court entered its ruling and judgment, computing the amounts as follows: Sustaining the plaintiff's petition on the Illinois judgment to the amount of $11,887.19. From that amount was deducted the indebtedness from plaintiff to the defendant of $8,667.78, leaving a balance still due plaintiff from defendant of $3,219.41, for which amount judgment was entered in favor of the plaintiff. This indebtedness of the plaintiff to the defendant consisted of $6,500 owing on the 1916 contract, less $1,500, the value of a half interest in eighty acres appropriated and transferred by Mrs. Bawden as of March 18, 1933, which would leave a balance of principal still unpaid to the defendant of $5,000, with interest at five per cent per annum since June 18, 1931, which totals the above amount of $8,667.78. From this finding and judgment of the court both parties appeal.

I. Defendant having first appealed we will denominate her appellant and her appeal will be first considered. She asserts that the claim of the plaintiff, Dobler, on the Illinois judgment was barred by the provisions of section 615.1, Code of 1946 (section 11033.1, Code of 1939), and that the court was in error in not so holding.

Section 615.1 is as follows:

"From and after January 1, 1934, no judgment in an action for the foreclosure of a real estate mortgage or deed of trust or in any action on a claim for rent or judgment assigned by a receiver of a closed bank or rendered upon credits assigned by the receiver of a closed bank when the assignee is not a trustee for depositors or creditors of the bank the Reconstruction Finance Corporation or any other federal governmental agency to which the bank or the receiver is or may be indebted shall be enforced and no execution issued thereon and no force or vitality given thereto for any purpose other than as a setoff or counterclaim after the expiration of a period of two years from the entry thereof." (Forty-fifth General Assembly, chapter 178.)

The Illinois judgment was rendered November 12, 1931, and renewed June 22, 1942, and since the plaintiff commenced his action in Iowa on March 5, 1945, more than two years had expired between the rendition of the second judgment and the beginning of the suit. With the assignment of the judgment to the plaintiff by the liquidating agent of the bank was also assigned the bond which he had given defendant in 1916 with sureties in the amount of $6,500. If the special statute of limitations applies, then there can be no recovery on plaintiff's Illinois judgment. But does the statute of limitations apply to this form of judgment? The statute under consideration refers to a judgment assigned by a receiver of a closed bank.

The bank was in process of liquidation and the person making the assignment of the original judgment for the bank was not designated as a receiver, and in fact was not such, but he was what is denominated a "liquidating agent." In the assignment heretofore set out it will be noticed that such assignment is by the bank, under its corporate seal, by A. B. Meyer, its liquidating agent. It is also to be noted that in the acknowledgment the execution of the instrument was pursuant to authority of the stockholders of said corporation. The bank which transferred the judgment against Adah E. Bawden was a national bank and governed by the statutes relating to such banks: 12 U. S. C., section 181, R. S., section 5220, provides for the voluntary dissolution and the appointment of a liquidat-

ing agent or committee; provides that any association may go into liquidation and be closed by a vote of its shareholders owning two thirds of its stock. The shareholders then designate one or more persons to act as a liquidating agent or committee, who shall conduct the liquidation in accordance with law and under the supervision of the board of directors. Further provisions of the section provide for reports to the comptroller of the currency and to the shareholders, and for special meetings of the latter, and for examinations by the comptroller. So it is apparent that the liquidating agent of a national bank, acting under the federal laws relating to such bank, is not, by such statutes, classified as a receiver.

Receiverships of such banks are provided for in 12 U. S. C., section 191, which states the general grounds for the appointment of a receiver. The receivership in these cases is not voluntary. The distinction between the two is that the settlement of affairs of the bank by voluntary liquidation is in the hands of the corporation itself, while under the receivership the disposition of its assets and the control of its affairs, through this method of involuntary liquidation, are in the hands of the comptroller of the currency and, to some extent, of the courts. See 12 U. S. C., sections 192, 193, 194, 195 and 197.

A receiver in general is defined as a person appointed by the court to take into his custody the control and management of the property or funds of another, pending judicial action concerning them. A person authorized by an out-of-court agreement to sell certain property and account for the proceeds is in no case a receiver of the court. 53 C. J. 17, section 1. Various definitions are cited in the text but he is considered a court official and is appointed by the court. To the same effect, see Ballentine's Law Dictionary, 1093: 2 Bouvier's Law Dictionary, Rawle's Rev. (1897), 834. A liquidating committee is not a substitute for a receiver. "While the liquidating committee is a proper agency for winding up of the affairs of the bank, yet it is not a substitute for a receiver." Waldrop v. Martin, 237 Ala. 556, 560, 188 So. 59, 62. Citing Holland Banking Co. v. Continental Nat. Bk., D. C., Mo., 43 F. 2d 640, 641, affirmed 50 F. 2d 19. In the Holland Banking Company case

it is stated, quoting the United States statute above referred to, 12 U. S. C., section 181:

"In the process of liquidation there was selected for said bank a liquidating committee. Such a committee is recognized by long practice as a proper agency for winding up the affairs of a national bank. However, such an agency functions rather by permission than by express authorization. It is not such a statutory agency as to require recognition by the court. It is not a substitute for a receivership."

The proceeding in the foregoing case was for the appointment of a receiver.

The definitions of a receiver show that his duties are to take possession of property, and to conserve, collect, and distribute the same. He is an arm of the court. First Tr. JSL Bk. v. Ogle, 208 Iowa 15, 20, 221 N. W. 537; Ellis v. Citizens Bk., 218 Iowa 750, 755, 251 N. W. 744; Peterson v. Darelius, 168 Minn. 365, 210 N. W. 38. As we have indicated, the liquidating agent of a national bank is nothing more than an agent of the owners. He is appointed by them, may be removed by them, and is under the direction of the board of directors. The receiver is disinterested. The liquidating agent, on the other hand, is the agent of those who are financially interested in the results. The bank still has a corporate existence. Merchants' Nat. Bk. v. Gaslin, 41 Minn. 552, 43 N. W. 483; Nebraska Nat. Bk. v. Union Stockyards Nat. Bk., 108 Neb. 417, 187 N. W. 883; Fagan v. Texas Co., Tex. Civ. App., 220 S. W. 346.

If the bank's judgment had been assigned by an individual, no one could claim that the two-year statute of limitations applied; nor if the bank had been in active operation would its assignment have been subject to this statute. We can see no reason why the Illinois bank, in the voluntary conversion of its assets without compulsion by any court, or by any forced dissolution, would be within the intent of the statute. So it would seem that the inclusion of this liquidating agent—an officer of a very different nature and having different duties and responsibilities—should not be construed to be within the intent of a statute which includes, by name only, the receiver of a closed bank.

The general statute of limitations of actions is found in chapter 614 of the Code. Section 614.1, Code of 1946, provides that actions may be brought within the times limited after their causes accrue, and not afterward. Under subdivision 7 of that section it states, as one kind of action:

"Those founded on a judgment of a court of record, whether of this or of any other of the United States, or of the federal courts of the United States, within twenty years."

Section 615.1, hereinbefore quoted, was apparently brought about by the financial condition of the times, and to prevent oppression by individuals who took advantage of the duty of the receiver to dispose of the assets of the many closed banks, and was to prevent speculation in their assets, and hardship to debtors. We take judicial notice of the situation at the time of the passage of this act. In its general effect it is an amendment to or an exemption of certain forms of judgment which otherwise would be entitled to the twenty-year period provided by the general statute of limitations. We therefore read no more into the new statute than is expressly stated therein. No provision is made for judgments by agents or liquidating agents and we should not extend the word "receiver" to cover them or any other form of judgment than those stated in the statute itself.

Both parties refer to our case of the Federal Land Bank of Omaha v. Jefferson, 229 Iowa 122, 294 N. W. 293, which came before us in 1940. In this case a rehearing was granted. 229 Iowa 1054, 295 N. W. 855, 132 A. L. R. 1282. Since a motion to dismiss had been overlooked when the opinion was written, later, on the rehearing, the case was disposed of on a ruling on the motion, so that the case never came to a final determination on the question of the application of our statute of limitations to a foreign judgment. The case cannot be considered a precedent.

II. We think also that the question as to the assignment of the judgment has been determined and is res judicata. In the action in Illinois, in which the defendant appeared, she

denied that the First National Bank in Warren, Illinois, duly assigned the judgment to Manley T. H. Dobler, but in its judgment the Illinois court found against the defendant on that issue, and such judgment states: ''Court further finds that on the 29th day of May A. D. 1941 the said First National Bank in Warren, Illinois, for a valuable consideration did duly assign said judgment unto the said Manley T. H. Dobler.'' Therefore, this question was determined by the court, is res judicata, and under such finding it cannot be classed as a judgment coming within the purview of section 615.1, Code of 1946. The judgment in Illinois is conclusive as to the question in issue. 30 Am. Jur. 908, section 161; Reynolds v. Lyon County, 121 Iowa 733, 96 N. W. 1096; Worrall v. Des Moines Retail Grocers' Assn., 157 Iowa 385, 138 N. W. 481; Bowen v. Bowen, 219 Iowa 550, 258 N. W. 882, and cases cited. We therefore hold that the judgment in question, not being the type of judgment in the contemplation of section 615.1, Code of 1946, the special statute of limitations does not apply.

III. As the second ground of the appeal defendant urges that the court erred in granting plaintiff's motion to reopen the case and overruling defendant's resistance thereto. The case was one in which the jury was waived and tried to the court. It was submitted and nearly four months elapsed but was not yet decided. On January 17, 1946, plaintiff filed a motion to reopen the case, supported by affidavit alleging that evidence was necessary as to the value of real property taken and appropriated by defendant. This was resisted by the defendant but the court granted the order and additional evidence was taken pertaining to the value of the forty acres which plaintiff claimed to have been appropriated. This was an undivided half of eighty acres in Cerro Gordo county, and the court, in its order, deemed it necessary that evidence be taken to determine the value. If the court were to allow any set-off against defendant's counterclaim on the $6,500 bond, it was necessary that it know the value of the land in order that it might determine the value of defendant's counterclaim. The claim on the part of the defendant was for the full amount of $6,500 with interest. The question before the court was upon the amount of this counterclaim of defendant and it undoubt-

edly had a right to consider anything which would tend to show its value. Such motion, in any event, is addressed to the sound discretion of the court and is not subject to review unless there has been an abuse thereof. Such discretion is to be liberally exercised. 64 C. J. 158, Trial, section 179. To the same effect see section 181; Thatcher v. Stickney Bros., 88 Iowa 454, 55 N. W. 488; Stark v. White, 215 Iowa 899, 245 N. W. 337; State ex rel. Mochnick v. Andrioli, 216 Iowa 451, 249 N. W. 379.

Upon reopening the case and the hearing of evidence defendant was permitted to and did present additional evidence of her own as to value. No prejudice to defendant was shown and the error claimed by defendant on this point is without merit.

IV. Defendant also insists that the court was in error in requiring defendant to give credit for the half interest in the eighty acres taken by her. It will be remembered that in 1916, by a contract between plaintiff and defendant, the latter assigned to the former all interest in her mother's estate in consideration of $6,500 secured by a bond. Of Ellen Dobler's estate plaintiff and defendant were the only heirs. A part of the estate of Ellen Dobler was eighty acres in Cerro Gordo county. Of this eighty acres defendant apparently claimed a half interest, notwithstanding her 1916 contract. At any rate, she did deed to her daughter in 1932 a half interest in this land. By the execution of the deed she appropriated a half interest in the eighty acres. We find it later in the possession of the daughter, who, by the records of this court, is found in 1944 claiming and succeeding in securing a part of the rental of the said eighty acres. See Grindey v. Smith, 237 Iowa 227, 21 N. W. 2d 465. In this case, of which we take judicial notice as a part of our record, we find the estate of Nelle P. Grindey claiming and securing a portion of the rental of the land for which she had obtained a deed from her mother in 1933.

The court, in the present case, found as a fact that on March 18, 1933, the defendant assumed to appropriate and transferred by deed to her daughter an undivided half interest in eighty acres of land owned by her mother at her decease, and that said undivided one-half interest on that date was of

the reasonable value of $1,500, and that the plaintiff acquiesced in the appropriation and transfer of said half interest. That he did acquiesce is evidenced by the fact that he claims in this action the value thereof, and the court properly reduced the amount of defendant's counterclaim by the value of said land at the time of the appropriation, with interest thereon from that date. Defendant's counterclaim, as allowed, was $6,500, less the value of this land.

V. The defendant claims that the court erred in fixing this value. We are not disposed to disagree with the court's conclusion. There is evidence as to the valuation, both above and below the $1,500 fixed by the court. The value fixed by it was based on testimony of various witnesses, who differed to some extent, as is natural in that class of testimony. It is unnecessary to go into the testimony of the different witnesses. The value of real estate is a question that often comes before the court and neither witness nor judge can fix the value to a dollar as to just what real estate might be worth on the market. In examining the testimony we are satisfied that the court fixed a reasonable figure as the approximate valuation of the land at the time of the transfer by defendant to her daughter. The defendant complains that the court excluded the evidence of a sale under foreclosure of certain land adjoining the land in question. The price obtained for land sold on execution sale is hardly a measure of value, and especially in estimating the value of other land, and the value of land other than that under consideration is, by the practically universal rule, not admissible as evidence of the value of the property which is the subject of the controversy. Watkins v. Wabash R. Co., 137 Iowa 441, 113 N. W. 924. See Hubbell v. City of Des Moines, 166 Iowa 581, 147 N. W. 908, Ann. Cas. 1916E, 592, and Maxwell v. Iowa State Highway Comm., 223 Iowa 159, 271 N. W. 883, 118 A. L. R. 862, and cases cited.

The foregoing disposes of the claimed errors on the part of defendant's counterclaim. We hold that, as far as the defendant is concerned, there was no error on the part of the district court.

VI. As to the error claimed on the part of the plaintiff and relied upon by him for reversal on his appeal, he asserts

that the court erred in allowing defendant's counterclaim; that is, the $6,500 obligation arising out of the 1916 contract, and he alleges that the evidence shows her no longer the owner thereof, having disposed of it by assigning to the bank the bond given as a part of the contract. We do not hold that the court was in error in its ruling on this appeal. We have referred to the 1916 contract by which plaintiff agreed to pay to defendant $6,500 in exchange for her interest in the mother's estate. From the argument we gather that this agreement was in settlement of an action apparently commenced to set aside the will, and the 1916 contract was the settlement of that action. We do not find that the plaintiff disputes the fact of incurring that indebtedness and giving a bond to secure it. The bond was signed by Manley T. H. Dobler and two sureties. Adah E. Bawden assigned the bond to the National Bank in Warren, Illinois. The assignment secured notes of Mrs. Bawden to the bank. The mother died in 1931, and the agreement to pay the $6,500 became due and payable. The plaintiff purchased the judgment and received the assignment of the bond. He cites Moorman & Greene v. Collier, 32 Iowa 138, to the effect that all instruments under our statute are assignable, and the assignee may maintain an action in his own name so that he might offer it in evidence.

We do not understand that the assignment of the bond by the bank to him canceled plaintiff's indebtedness to the defendant. The transaction was between them. When he bought the judgment he obtained with it the evidence of his indebtedness to the defendant, but that did not cancel his obligation to pay her the $6,500. The situation here differs very materially from that in Fischer v. Klink, 234 Iowa 884, 14 N. W. 2d 695, 153 A. L. R. 1084. The two cases are not identical nor is the principle involved the same.

Mrs. Bawden assigned the note to the bank; Dobler bought the judgment for which the bond was security. She had a right to have applied on her indebtedness to him on the judgment his indebtedness to her of $6,500. She also owed him the value of the land appropriated. He is out of pocket, therefore, $3,219.41,

and for this he is entitled to judgment in rem as provided by the judgment entered in the district court in this case.

The ruling of the court is correct. Affirmed on both appeals. —Affirmed.

WENNERSTRUM, C. J., and GARFIELD, HAYS, MANTZ, MULRONEY, OLIVER, and SMITH, JJ., concur.