# IN THE COURT OF APPEALS OF IOWA

No. 13-1926
Filed September 17, 2014

**GARY A. KOBAL,**

   Plaintiff-Appellant,

**vs.**

**WELLS FARGO BANK, N.A., as Trustee
for MLMI Trust Series 2005-HE2, and Any
and all unknown parties in Possession of
the Real Estate located at Lot 11 in Kingswood
Estates Plat 3, An Official Plat, now
included in and forming part of the City
of Urbandale, Iowa, Des Moines, Iowa,**

   Defendant-Appellee.

_____

   Appeal from the Iowa District Court for Polk County, Douglas Staskal,

Judge.

   Judgment debtor appeals the grant of summary judgment to the bank in a

quiet title action claiming Iowa Code section 615.1 extinguished the judgment

and underlying mortgage liens on the property. **AFFIRMED.**

   Randall L. Jackson of Law Office of Randall L. Jackson, Des Moines, for

appellant.

   Kevin M. Abel of Bryan Cave, L.L.P., St. Louis, Missouri, for appellee.

   Considered by Danilson, C.J., and Vogel and Bower, JJ.

**BOWER, J.**

Gary Kobal appeals the district court's grant of summary judgment to Wells Fargo Bank, N.A. in a quiet title action. Kobal claims the district court erred in its interpretation of Iowa Code section 615.1 (2013). Kobal claims section 615.1 acts to void Wells Fargo's mortgage, and the debt it secured, because Wells Fargo failed to execute on its 2008 foreclosure decree within two years from the date of judgment. He also claims the district court erred in failing to grant his motion for summary judgment on the grounds of unclean hands due to Wells Fargo's improper service. We find the district court properly ruled section 615.1 only applies to judgment liens and does not act to discharge the underlying mortgage lien and Kobal failed to preserve error on the issue of unclean hands. Accordingly, we affirm.

## I.    BACKGROUND FACTS AND PROCEEDINGS

On May 26, 2005, Gary Kobal borrowed money to buy an Urbandale, Iowa residence and gave a purchase money mortgage to the lender, ComUnity Lending, Incorporated, to secure repayment of the debt. Kobal ceased making mortgage payments after May 2007. The note and mortgage were then assigned to Wells Fargo in October 2007. That same month, Wells Fargo initiated foreclosure proceedings in the district court of Polk County against the Kobal property. On February 1, 2008, the court entered a foreclosure decree, by default, against Kobal and his spouse.

Wells Fargo attempted to execute on the foreclosure decree in September 2008, but the sale was cancelled when Kobal filed a pro se chapter 13

bankruptcy petition. Once the bankruptcy petition was dismissed, Wells Fargo again attempted to execute on the foreclosure decree. A sale was held on August 17, 2010, and Wells Fargo purchased the property. However, also on August 17 and before the sale, Kobal filed a second pro se bankruptcy petition. When Wells Fargo learned of Kobal's petition, Wells Fargo moved to set aside the sale which was granted on September 2, 2010. Kobal's second bankruptcy petition was subsequently dismissed on October 2 for his failure to file a chapter 13 bankruptcy plan.

On November 30, 2010, Wells Fargo moved to set aside the foreclosure decree entered in February 2008. The court granted the motion on December 9. On December 23, Wells Fargo moved to dismiss the foreclosure action without prejudice. The court granted the motion to dismiss on January 6, 2011.

On June 19, 2012, Kobal filed a petition to quiet title to the Urbandale property seeking a determination he owned the property free and clear of the mortgage held by Wells Fargo. Wells Fargo moved for summary judgment and Kobal filed a cross motion for summary judgment. The court entered a ruling on November 11, 2013, granting Wells Fargo's motion for summary judgment. Kobal now appeals.

On appeal, Kobal claims Wells Fargo's mortgage was extinguished by the two year statute of limitation found in Iowa Code section 615.1. Kobal also raises the defense of unclean hands as Wells Fargo served him at a California address rather than the Urbandale address. Wells Fargo concedes two years have

passed since the judgment was entered, but claims Iowa Code section 615.1 only acts to discharge judgment liens and not the underlying mortgage lien. Wells Fargo also claims Kobal failed to preserve error on the issue of unclean hands.

## II.    STANDARD OF REVIEW

A district court's ruling on a motion for summary judgment is reviewed for the correction of errors at law.  *Osmic v. Nationwide Agribusiness Ins. Co.*, 841 N.W.2d 853, 858 (Iowa 2014).  Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Iowa R. Civ. P. 1.981(3).  "We examine the record in the light most favorable to the nonmoving party and we draw all legitimate inferences the evidence bears in order to establish the existence of questions of fact."  *Pitts v. Farm Bureau Life Ins. Co.*, 818 N.W.2d 91, 96 (Iowa 2012).

## III.    ANALYSIS

### A.    Statutory Interpretation

This case requires us to interpret the language in section 615.1.  In doing so, we apply the well settled principles of statutory interpretation:

> The purpose of statutory interpretation is to determine the legislature's intent.  We give words their ordinary and common meaning by considering the context within which they are used, absent a statutory definition or an established meaning in the law. We also consider the legislative history of a statute, including prior enactments, when ascertaining legislative intent.  When we interpret a statute, we assess the statute in its entirety, not just isolated words or phrases.  We may not extend, enlarge, or

otherwise change the meaning of a statute under the guise of construction.

*Schaefer v. Putnam*, 841 N.W.2d 68, 75 (Iowa 2013) (internal citations omitted).

Iowa Code section 615.1(1), states in part:

> After the expiration of a period of two years from the date of entry of judgment, exclusive of any time during which execution on the judgment was stayed pending a bankruptcy action or order of court, a judgment entered in any of the following actions shall be null and void, all liens shall be extinguished, and no execution shall be issued except as a setoff or counterclaim . . . .

Kobal claims Iowa Code section 615.1 acts to void the underlying mortgage on the real property, resulting in a lien free property. Kobal's argument focuses on the words "all liens shall be extinguished." He interprets this phrase to mean all liens associated with the real property. Wells Fargo claims Kobal's interpretation of 615.1 is wholly inconsistent with the language and context of section 615.1. Wells Fargo notes chapter 615 is titled "Limitations on Judgments" and relates only to the relationships between judgment creditor and judgment debtor, not the underlying lender-borrower relationship. Wells Fargo urges us to find section 615.1 applies only to judgment liens rather than all liens on real property.

This court examined section 615.1 in the unpublished opinion *U.S. Bank National Association v. Vahle*, No. 12-0439, 2012 WL 5539865, at *1 (Iowa Ct. App. Nov. 15, 2012).[1] We found section 615.1 "does not limit enforcement of the

---

[1] In *Vahle*, a construction company, after acquiring real property from a homeowner who had defaulted on their mortgage, moved to intervene in a foreclosure action when the judgment creditor filed a rescission and dismissal of the foreclosure. *Id.* at *1–2. The district court denied the construction company's motion to intervene because the action had been dismissed. *Id.* at *2. The construction company claimed the judgment

mortgagee's rights, except as noted in section 654.17(2)." *Id.* Section 615.1 acts to defeat a judgment after two years, but does not "kill[ ] the underlying mortgage." *Id.* While *Vahle* concerned a third party intervener and not the original mortgagor, we find the reasoning persuasive in this case.

Our supreme court commented on the legislative purpose of section 615.1 in *Bank of America, N.A. v. Schulte*, 843 N.W.2d 876, 881 (Iowa 2014). "Iowa Code section 615.1 . . . prescribes a 'special statute of limitations' that 'was passed with the legislative purpose of aiding judgment debtors.'" *Id.* at 883 (quoting *Lacina v. Maxwell*, 501 N.W.2d 531, 533 (Iowa 1993); *see also Dobler v. Bawden*, 25 N.W.2d 866, 870 (Iowa 1947) (explaining the events giving rise to the statute and its "effect" as "an amendment to or an exemption of certain forms of judgment" that would typically fall under the general twenty-year statute of limitations).

We examine the language included in section 615.1 to discern its "ordinary and common meaning." In isolation, the phrase "all liens" could be interpreted to mean every lien on the real property in question. However, we give these words their "ordinary and common" meaning in the context in which the words are used. We note section 615.1 uses the word "judgment" repeatedly. Section 615.1 is titled "Execution on certain judgments prohibited."

---

creditor's rescission was time barred under section 615.1, because it was filed three years after the foreclosure decree. *Id.* at *3. We found 615.1 inapplicable since it concerns "the time for execution of a foreclosure judgment, not the time for a mortgagee to enforce its rights under the mortgage." *Id.* at *5. The right to challenge the creditor's rescission and dismissal rested with the original mortgagors. *Id.* at *6.

Chapter 615 is titled "Limitations on Certain Judgments," only concerns judgments,[2] and does not mention the lender-borrower relationship.

Based on the "ordinary and common meaning" of the words in section 615.1, and taking into account the relationship of the words in the section and chapter as a whole, plus the clear legislative intent, we find Kobal's interpretation fails. Kobal's interpretation would force us to change and expand on the meaning of section 615.1. Unequivocally, section 615.1 only applies to judgment liens and not underlying mortgage liens.

### B.    Unclean Hands

Kobal claims the court should have granted his motion for summary judgment on the ground of unclean hands due to Wells Fargo's failure to provide proper service. He claims Wells Fargo did not send notice to his "last known address" as required by Iowa Rule of Civil Procedure 1.442(2). Wells Fargo claims Kobal failed to preserve error on this issue.

For an issue to be preserved, the issue must have been raised and decided by the district court before we will consider it on appeal. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). In this case, the district court did

---

[2] Iowa Code chapter 615 contains the followings provisions: "615.1A. Execution on judgment—claim for rent;" "615.2. Revival of certain judgments prohibited;" "615.3 Future judgments without foreclosure."

not decide the service issue raised by Kobal. Kobal did not file a post-trial motion preserving this issue for appeal. Accordingly, error was not preserved.

## IV. CONCLUSION

The district court was correct in granting Wells Fargo's motion for summary judgment.

**AFFIRMED.**