# IN THE COURT OF APPEALS OF IOWA

No. 19-1047
Filed April 15, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**FRANCISCO M. CARDONA,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

A man appeals from felony sexual abuse convictions. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

Francisco Cardona appeals from two sexual abuse convictions. He argues the witness testimony lacked detail and contained inconsistencies such that the testimony was insufficient to support a conviction. He further contends he received ineffective assistance of trial counsel due to counsel's failure to make a motion for a new trial or a motion in arrest of judgment based on the weight of the evidence standard. We find substantial evidence to support the verdict, and we reject the ineffective-assistance claim in light of the overwhelming evidence of Cardona's guilt.

**I. Background Facts and Proceedings**

Based on the record, a rational jury could find the following facts beyond a reasonable doubt. Cardona frequently subjected N.C. to sexual abuse for a period of several years prior to 2009. N.C. testified that the abuse began when she was approximately nine years old. Cardona would fondle N.C. and digitally penetrate her. Cardona attempted to have intercourse with N.C. and would use force to prevent N.C. from crying out. Cardona would condition N.C.'s time with friends on her participation in his sexually abusive acts. In 2009, N.C. told a friend Cardona was doing bad things to her and she planned to commit suicide. The friend made N.C. report the abuse. An investigation was undertaken but was ultimately closed without charges being filed. L.C., N.C.'s sibling, was elementary-school age at the time and did not supplement N.C.'s allegations when interviewed as part of the investigation into N.C.'s allegations.

In May 2016, L.C. told school officials about abuse she suffered at Cardona's hands during the same period in which N.C. had been abused. L.C.

testified that the abuse began when she was six years old. Cardona touched L.C.'s genital area, digitally penetrated her, and had sexual intercourse with her. During its duration, Cardona's abuse of L.C. occurred at least every other day.

Following L.C.'s 2016 report, a second investigation ensued, resulting in the issuance of a warrant for Cardona's arrest. After he was apprehended in September 2018, Cardona was charged with two counts of second-degree sexual abuse, Class "B" felonies. The case proceeded to trial in April 2019. After the State rested its case, the defense moved for a judgment of acquittal on both counts, alleging there was insufficient evidence that the defendant committed a sex act. The defense renewed this motion after the defense rested. Both motions were denied. The defense did not move for a new trial or a make a motion in arrest of judgment. Cardona timely appealed, arguing the evidence was insufficient to support his convictions and that he received ineffective assistance of counsel due to trial counsel's failure to make a motion for a new trial or a motion in arrest of judgment based on the weight of the evidence standard.

## II. Standard of Review

We review ineffective-assistance-of-counsel claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "[W]e review challenges to the sufficiency of evidence for correction of errors at law." *State v. Dullard*, 668 N.W.2d 585, 589 (Iowa 2003). "On a weight-of-the-evidence claim, appellate review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003). If a defendant makes a motion for a new trial on the ground that the verdict is contrary to the weight of the

evidence, we review the court's ruling for abuse of discretion. *State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013).

## III. Discussion

### a. Insufficiency of the Evidence

We disagree that the evidence is insufficient to support Cardona's convictions for second-degree sexual abuse. Challenges to the sufficiency of the evidence are reviewed the correction of errors at law. *State v. Keopasaeuth*, 645 N.W.2d 637, 639–40 (Iowa 2002). We view "the evidence in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *Id.* at 640. "We uphold the verdict if there is substantial evidence in the record supporting it." *Neiderbach*, 837 N.W.2d at 216. "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

L.C. testified that Cardona sexually abused her by touching her genital area both over and under her clothes, by digitally penetrating her, forcing fellatio upon her, and having sexual intercourse with her. N.C. testified that her abuse consisted of Cardona groping and fondling her, digitally penetrating her, rubbing his penis on her, and attempting to have sexual intercourse with her. Viewing this evidence in the light most favorable to the State, we conclude the victims' testimony is sufficient to convince a rational jury that Cardona was guilty of the crimes charged beyond a reasonable doubt.

In arguing the evidence is insufficient to support his convictions, Cardona relies on our decision in *State v. Smith*, 508 N.W.2d 101 (Iowa Ct. App. 1993).[1] *Smith* involved sexual-abuse allegations by the defendant's two step-daughters. Based on the complaining witnesses' self-contradictory statements, pervasive use of hedging language, and inability to recall significant details of the incidents, we found the evidence insufficient to support the defendant's convictions. *Id.* at 103–05. We determined the accounts were so inconsistent and self-contradictory that the testimony lacked the probative value needed to support a guilty verdict. *Id.* at 104–05.

The *Smith* decision relied on a narrow doctrine developed by our supreme court in *Graham v. Chicago & Nw. Ry. Co.*, 119 N.W. 708 (Iowa 1909) and *State ex rel. Mochnick v. Andrioli*, 249 N.W. 379 (Iowa 1933). Under this doctrine, the court adopted a limitation on the general rule that "the jury is empowered to resolve [evidentiary] conflicts in accordance with its own views as to the credibility of the witnesses." *State v. Allen*, 348 N.W.2d 243, 247 (Iowa 1984). The limitation applies only where "[t]he testimony of a witness may be so impossible and absurd and self-contradictory that it should be deemed a nullity by the court." *Smith*, 508

---

[1] The State, in part, asks us to overrule *Smith*, arguing that *Smith* erroneously limited the rule that credibility determinations are exclusively the province of factfinders and that *Smith* denigrated the testimony of sexual abuse victims, including by ignoring the phenomenon of victim grooming, requiring unrealistic descriptions of sex acts from child victims, and crediting an absence of enduring genital injury as more probative than a victim's testimony. As will be discussed, the inconsistencies raised in this appeal are of the kind commonly found in prosecutions for child sex abuse, and they do not render the substance of the testimony impossible, as we found was the case in *Smith*. Given the substantial evidence of Cardona's brazen actions, we leave for another day the question of *Smith*'s continued salience.

N.W.2d at 103 (quoting *Graham*, 119 N.W. at 615). We found application of the doctrine appropriate in *Smith*; however, the use of this doctrine to vacate a conviction "is exceedingly rare." *See State v. Hobbs*, No. 12-0730, 2013 WL 988860, at *3 (Iowa Ct. App. Mar. 13, 2013). We decline Cardona's invitation to employ the impossibility doctrine found in *Smith* on these facts to vacate his conviction.

Cardona notes a contradiction with respect to whether L.C. told her mother of the abuse prior to reporting it at school; but whether L.C. told her mother of the abuse is not an "operative fact" with respect to the charged crimes. *See State v. Mitchell*, 568 N.W.2d 493, 503 (Iowa 1997) ("[The victim] was somewhat inconsistent with her story about how she was abused by Mitchell, but she never changed the operative fact that she and Mitchell had sexual intercourse."); *see also State v. Thorndike*, No. 13-1403, 2014 WL 3931873, at *1 (Iowa Ct. App. Aug. 13, 2014) ("While there are some minor differences in the victims' respective accounts regarding details immaterial to the offense, the victims' respective testimony does not deviate on the operative facts."). As we said in a factually similar case, "given the amount and duration of abuse, it is hardly surprising that the girls' testimony would contain some minor inconsistencies." *See State v. Davis*, No. 02-0355, 2003 WL 21544491, at *2 (Iowa Ct. App. July 10, 2003).

Cardona also highlights that during the 2009 investigation N.C. told a representative of the Iowa Department of Human Services that Cardona "only touched her groin area over her clothing." Given N.C.'s substantial detailed testimony regarding the abuse at trial and her young age during the 2009 investigation, her prior partial disclosure can be considered the type of minor

inconsistency in a sex abuse case that may be "attributable to her young age." *See State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998); *accord Thorndike*, 2014 WL 3931873, at *1; *In re J.M.S.*, No. 11-1307, 2012 WL 1612024, at *2 (Iowa Ct. App. May 9, 2012); *State v. Paulsen*, No. 10-1287, 2011 WL 3925699, at *4 (Iowa Ct. App. Sept. 8, 2011). N.C.'s failure to give full disclosure in 2009 is further explained by Cardona's threats to hurt N.C.'s mother if N.C. disclosed the abuse, a threat N.C. took seriously in light of Cardona already having abused her mother in N.C.'s presence.

Finally, Cardona asserts confusion at trial regarding the extent to which the girls' younger brother, I.C., witnessed the abuse. However, I.C.'s testimony was not necessary to convict Cardona because a victim's accusation need not be corroborated. *See* Iowa R. Crim. P. 2.21(3) ("Corroboration of the testimony of victims shall not be required."); *State v. Knox*, 536 N.W.2d 735, 742 (Iowa 1995) ("The law has abandoned any notion that a rape victim's accusation must be corroborated."). Regardless, I.C.'s testimony as a whole supported the conviction. Disregarding the inquiry of whether or not I.C. saw the abuse occur, he testified to having heard N.C. screaming for help during Cardona's abuse, and Cardona takes no issue with that testimony.

The Iowa Supreme Court "ha[s] said numerous times it is the province of the jury to assess the credibility of witnesses." *State v. Hickman*, 576 N.W.2d 364, 367 (Iowa 1998). "Based on all of this evidence, we see no need to depart from our general rule of leaving the credibility of witnesses to the jury and allowing it to resolve inconsistencies as it sees fit." *Mitchell*, 568 N.W.2d at 504. We conclude the evidence was sufficient for a rational jury to conclude, as the jury here did, that

Cardona was guilty beyond a reasonable doubt of two counts of sexual abuse in the second degree.

### b. Ineffective Assistance of Counsel

Cardona claims he received ineffective assistance of counsel because his trial counsel neglected to file either a motion in arrest of judgment or a motion for a new trial based on a weight-of-the-evidence standard. We hold that the overwhelming evidence of Cardona's guilt precludes us from finding Cardona's trial counsel ineffective for failing to make such motions.

"[C]laims of ineffective assistance of counsel raised on direct appeal are ordinarily reserved for postconviction proceedings to allow full development of the facts surrounding counsel's conduct." *State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997). "Only in rare cases will the trial record alone be sufficient to resolve the claim." *Id.* Because Cardona's ineffective-assistance claim rests entirely on trial counsel's failure to file a motion in arrest of judgment or motion for a new trial on a weight-of-the-evidence standard, we can resolve his claim on direct appeal, as the evidence shows such a motion would have been meritless.

To prevail on an ineffective-assistance-of-counsel claim, a defendant "must show by a preponderance of the evidence that his trial counsel failed to perform an essential duty and prejudice resulted." *State v. Ondayogi*, 722 N.W.2d 778, 784 (Iowa 2006). The claim will fail if the defendant "is unable to prove either element of this test." *Id.* When considering whether counsel breached an essential duty, "we measure counsel's performance against the standard of a reasonably competent practitioner." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). We ask whether the counsel has made such serious errors that he or she "was not

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. Palmer*, 791 N.W.2d 840, 850 (Iowa 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Prejudice exists where the claimant proves by 'a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *Maxwell*, 743 N.W.2d at 196 (quoting *Bowman v. State*, 710 N.W.2d 200, 203 (Iowa 2006)). "We will not find counsel incompetent for failing to pursue a meritless issue." *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

Here, Cardona cannot succeed on either prong, and his ineffective-assistance-of-counsel claim therefore fails. Cardona argues his trial counsel should have filed a motion for a new trial under Iowa Rule of Criminal Procedure 2.24(2)(b)(6) or a motion in arrest of judgment under rule 2.24(3). Under rule 2.24(2)(b)(6), a new trial may be granted "[w]hen the verdict is contrary to law or evidence." The phrase "contrary to . . . evidence" means "contrary to the weight of the evidence." *Reeves*, 670 N.W.2d at 201 (quoting *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998)). "The 'weight of the evidence' refers to 'a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.'" *Ellis*, 578 N.W.2d at 658 (quoting *Tibbs v. Florida*, 457 U.S. 31, 102 (1982)). A motion in arrest of judgment shall be granted "when upon the whole record no legal judgment can be pronounced." Iowa R. Crim. P. 2.24(3)(c).

The court denied trial counsel's several motions for a directed verdict in light of the detailed victim accounts of recurring sexual abuse. The defense presented three witnesses whose testimony was short and focused on minor inconsistencies

in the victims' and their brother's accounts of the abuse. Under such circumstances, there was no reasonable probability the court would have granted either a motion in arrest of judgment or a motion for a new trial on the grounds asserted by Cardona. Trial counsel had no duty to make a meritless motion. *See State v. Griffin*, 691 N.W.2d 734, 737 (Iowa 2005) ("[T]rial counsel has no duty to raise an issue that has no merit.").

## IV. Conclusion

The record contains substantial evidence of Cardona's guilt, and we reject his insufficiency-of-the-evidence claim. Because of the ample evidence of his guilt, we also reject the contention that Cardona received ineffective assistance of counsel when his counsel failed to file a motion in arrest of judgement or motion for new trial on the ground that the greater amount of credible evidence was contrary to the verdict. Accordingly, we affirm the convictions.

**AFFIRMED.**